[No. 11858.  Department Two. — March 25, 1889.]

## FRANK A. RISER, RESPONDENT, v. JESSE WALTON, APPELLANT.

PLEADING — AVERMENT OF DAMAGES — PRAYER FOR JUDGMENT. — A complaint in an action to recover damages, which omits to formally aver the amount of the damages sustained by the plaintiff, is not demurrable on that account, if it contains a prayer for judgment in a specified amount.

PRINCIPAL AND AGENT — FALSE REPRESENTATIONS BY AGENT — LIABILITY OF PRINCIPAL. — A vendor who adopts a sale made by his agent is bound by any false representations made by the agent during the negotiations for the sale with respect to the property sold.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The action was brought to recover damages for fraudulent representations. The facts are stated in the opinion of the court.

*Hall & Rodgers,* for Appellant.

The complaint did not state facts sufficient to constitute a cause of action, because of the entire omission of any averment of the amount of damage sustained by the plaintiff. (*Bohall* v. *Diller,* 41 Cal. 532; *Stevenson* v. *Smith,* 28 Cal. 102; 74 Am. Dec. 140; *Pittsburg Coal Co.* v. *Greenhood,* 39 Cal. 71; Stephen on Pleading, 428.) The plaintiff, having had an opportunity of examining the land and ascertaining its area, cannot complain of any false representation as to its quantity. (*Todd* v. *Fambo,* 62 Ga. 664; *Gordon* v. *Parmelee,* 2 Allen, 214; *Dickinson* v. *Lee,* 106 Mass. 559; *Credle* v. *Swindel,* 63 N. C. 306; *Etheridge* v. *Vernoy,* 70 N. C. 713; *Roseman* v. *Canovan,* 43 Cal. 111; *Ladd* v. *Pigott,* 114 Ill. 647; *Parker* v. *Moulton,* 114 Mass. 99; 19 Am. Rep. 315; *Ellis* v. *Andrews,* 56 N. Y. 83; 15 Am. Rep. 379; *Holbrook* v. *Connor,* 60 Me. 578; 11 Am. Rep. 212; *Long* v. *Warren,* 68 N. Y. 426; *Poland* v. *Brownell,* 131 Mass. 138; 41 Am.

Rep. 215; *Chrysler* v. *Canaday*, 90 N. Y. 272; 43 Am. Rep. 166; *Neidefer* v. *Chastain*, 71 Ind. 363; 36 Am. Rep. 198.)

*Mesick & Maxwell*, for Respondent.

Where the vendor of land makes a false representation as to the number of acres in the tract sold, which is relied upon by the vendee, the latter is entitled to relief for a subsequently discovered deficiency; and this is so, even though the sale was in gross, and not by the acre, and though the number of acres may have been qualified by the words "more or less." (*Thomas* v. *Beebee*, 25 N. Y. 244; *Pringle* v. *Samuel*, 1 Litt. 43; 13 Am. Dec. 214; *McCoun* v. *Delany*, 3 Bibb, 46; 6 Am. Dec. 635; 1 Sugden on Vendors, 8th Am. ed., 494; *Winch* v. *Winchester*, 1 Ves. & B. 375; *King* v. *Wilson*, 6 Beav. 124.)

SHARPSTEIN, J.—This action is for a fraudulent representation by the defendant in the quantity of land sold by him to the plaintiff.

The plaintiff alleges that the defendant falsely and fraudulently represented to plaintiff that said tract contained sixty acres of land, whereas it actually contained no more than forty-six acres. The complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and appellant contends that the order is erroneous, because there is no averment that the plaintiff sustained any damage.

The complaint states facts sufficient to sustain a judgment for damages, and while it does not contain a formal allegation of the amount of damages sustained by plaintiff, it concludes with a prayer for judgment for fourteen hundred dollars and costs. We think that the equivalent of a statement of the amount of damage which he had sustained. The defendant answered, denying the material allegations of the complaint, and the trial, so

far as we can observe, proceeded precisely as it would had the complaint contained the allegation which it is claimed it should have contained. And the court must, in every stage of an action, disregard an error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties. (Code Civ. Proc., sec. 475.)

We perceive no good ground for reversing the judgment on the alleged defect in the complaint.

The findings of the court are sufficient to sustain the judgment, but the appellant claims that the evidence is insufficient to justify the findings.

That the defendant's agent who negotiated the sale on behalf of defendant to plaintiff represented to plaintiff that the tract contained sixty acres is clearly proved, and it is clear that plaintiff believed that representation. It is quite clear, too, that defendant at the time knew that the tract did not contain that number of acres. The evidence shows beyond doubt that the plaintiff was deceived, and the defendant has adopted the sale made by the deception, and received the benefits of it. Under such circumstances, he takes the sale with all its burdens. ( *Veazie* v. *Williams*, 8 How. 134; *Fitzsimmons* v. *Joslin*, 21 Vt. 129; 52 Am. Dec. 46.)

There is evidence tending to prove that the defendant personally participated in the misrepresentation. He was present when plaintiff, defendant, and defendant's agent were examining an abstract of title to the tract, and came across a map, and defendant made a diagram on it with a lead-pencil, with the remark, "My sixty acres lie there."

The record, in our opinion, discloses no error, and the judgment must be affirmed.

THORNTON, J., and McFARLAND, J., concurred.

Hearing in Bank denied.