[Civ. No. 417.    Second Appellate District.—January 10, 1908.]

MILLIE J. CARLSON, Administratrix, etc., Appellant,
v. CUCAMONGA WATER COMPANY, Respondent.

ACTION FOR DEATH OF SERVANT—MASTER'S NEGLIGENCE—UNSAFE
HOISTING APPLIANCE—QUESTION OF FACT—ERROR IN NONSUIT.—
In an action for the death of a servant caused by an unsafe hoist-
ing apparatus, negligently constructed by the master, where the
plaintiff's evidence tended to show that the hoisting apparatus was
unusual and unsafe in its construction, the question of negligence
was one of fact, which should have been submitted to the jury, and
it was error to grant a judgment of nonsuit, where there was noth-
ing to indicate any contributory negligence on the part of the
deceased servant.

ID.—DUTY OF MASTER AS TO APPLIANCES—NEGLIGENT OMISSION.—It
is the duty of a master to provide reasonably safe appliances for
the prosecution of the servant's work, and an omission in that re-
gard is negligence.

ID.—NEGLIGENCE, WHEN A QUESTION OF FACT.—Negligence is a ques-
tion of fact, even when there is no conflict in the evidence, if
different conclusions upon the subject can be rationally drawn from
the evidence.

APPEAL from a judgment of the Superior Court of San
Bernardino County.    Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Gregg & Surr, for Appellant.

F. A. Leonard, and Byron Waters, for Respondent.

ALLEN, P. J.—Action for damages.    Trial by jury.
Judgment of nonsuit entered, from which plaintiff appeals.
Plaintiff's husband was employed by defendant to assist in
digging a well.    A whim was being used in hoisting material
from the excavation.    The derrick was about twenty feet in
height, upon the top of which were placed two timbers nailed
to the top of the derrick with ten-penny nails.    Upon these
timbers were fastened the bearings into which the ends of
the shaft operated.    The sheave-wheel and shaft were at-

tached together by means of a set-screw, and it was intended
that the wheel and shaft should revolve together, the wheel
revolving between the two timbers, which timbers should act
as a guard in keeping the wheel in place and thereby keep-
ing the ends of the shaft within the bearings.  A cable ran
from the whim over this sheave-wheel and down to the
bucket used in hoisting.  This bucket weighed about fifty-
eight pounds, and when filled, about five hundred pounds.
The duties of plaintiff's husband were to hook and unhook
the bucket from the end of this cable, which duties required
him to remain under the sheave-wheel at the mouth of the
well.  The set-screw proved ineffective and the wheel be-
came loosened from the shaft.  The movement of the wheel
upon the shaft caused it to work out of its bearings until one
end escaped therefrom and the weight of the bucket upon
the cable pulled the wheel off the shaft, tearing loose the
nails which held the supporting timbers in place, and the
wheel fell, injuring plaintiff's husband, from which injury
he soon thereafter died.

Evidence was presented by plaintiff to the jury tending
to show that the construction of this hoisting apparatus was
different from that usually employed in the vicinity in like
work.  A number of witnesses were examined, all of whom
testified that they had never seen a hoisting apparatus where
the sheave-wheel was attached to the shaft, but, on the con-
trary, the shaft, by means of a set-screw through the box-
ing embedded in the shaft half of its diameter, and the box-
ing being closed at the ends, was held firmly in place and
could not shift in either direction, and the sheave-wheel re-
volved thereon.  There was evidence showing that no guards
of any kind were provided at the ends of this shaft to in any
manner prevent its escape from the bearings in the event
the set-screw should fail to hold.  It is further in evidence
that in this case the set-screw was only sunken into the shaft
a sixteenth of an inch and "that there was nothing to keep
it from getting loose"; and, further, that when the shaft
escaped from the bearings, the weight upon the cable and
wheel was sufficient to tear loose the ten-penny nails holding
the timbers which supported the bearings, wheel and shaft.

It must be a conceded proposition that it was the duty of
the defendant to provide reasonably safe appliances in the
prosecution of this work, and that an omission in that re-

gard would be negligence. Whether this hoisting apparatus was faulty in its construction and not reasonably safe for the purposes intended, and that defendant was negligent in reference thereto, were questions of fact. Under the established rule that negligence is a question of fact even where there is no conflict in the evidence, if different conclusions upon the subject can be rationally drawn from the evidence, we think it was the duty of the trial court to have submitted these questions to the jury for their determination. "It is said to be the highest effort of the law to obtain the judgment of twelve men of the average of the community, . . . as to whether negligence does or does not exist in a given case." (*Herbert* v. *Southern Pacific Co.*, 121 Cal. 227, [53 Pac. 651]; *Wahlgren* v. *Market St. Ry. Co.*, 132 Cal. 664, [64 Pac. 993].) We are of opinion that it cannot be said, as a matter of law, that it was not negligence for this defendant to have furnished an appliance constructed in the manner heretofore stated. There is nothing in the record indicating contributory negligence upon the part of the deceased, nor of any of the fellow-employees, either in relation to the adjustment of the machinery furnished or otherwise, and, in our opinion, the court erred in granting the motion for a nonsuit.

Judgment reversed and cause remanded for a new trial.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 10, 1908.