S. T. TICE *et al., Appellants,* v. JOHN H. DICKERSON, *et al.,*
*Appellees.*

1. On appeal from an order sustaining a demurrer to a bill of
   complaint in equity if any one ground of the demurrer is well
   taken, the order will be affirmed.

2. Where any one of the grounds of demurrer going to the equities
   a bill of complaint is well taken, the failure of the judge to
   designate the grounds sustained as required by the statute may
   be harmless.

3. Where it does not appear that the rights and interests of the
   complainants entitle them to maintain the suit, a demurrer to
   the bill of complaint on that ground is properly sustained.

4. When a bill of complaint alleges the persons or classes of per-
   sons who constitute a voluntary association and the complain-
   ants are not among those so designated, but are alleged to be
   "contributing members" of such association without stating
   the rights and privileges of contributing members, the right of
   the complainants to require an accounting to the association
   does not appear.

This case was decided by Division A.

Appealed from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the
court.

*I. L. Purcell,* for Appellants;

*E. J. L'Engle, W. M. Bostwick, Jr.,* and *P. L. Gaskins,*
for Appellees.

WHITFIELD, C. J.—The appellants brought a bill in
equity for injunction, discovery and accounting against

the appellees as Grand Master, Grand Secretary and Grand Treasurer respectively of the "Most Worshipful Union Grand Lodge F. & A. M." involving funds alleged to belong to the Lodge. A demurrer upon various grounds was incorporated in an answer as allowed by statute. By agreement the demurrer and a motion to dissolve a temporary injunction were argued and submitted together. The court made one order sustaining the demurrer and dissolving the temporary injunction, but did not dismiss the bill of complaint. The complainants appealed. No injunction appears in the transcript so a further reference to it is unnecessary. Error is assigned on the failure of the judge to "briefly state in writing which grounds of the demurrer are sustained as required by Chapter 5912, Acts of 1909.

If any one ground of the demurrer is well taken the order appealed from and assigned as error must be affirmed, and the failure of the judge to designate the grounds sustained by him may be harmless. Perhaps if the judge had been requested to do so he would have made the notation required by the statute.

The bill alleges "that the Most Worshipful Grand Lodge as aforesaid is an incorporated association of Free and Accepted Masons and that said Grand Lodge is constituted and composed of Worshipful Masters, and Wardens of all regular Lodges of Masons within its jurisdiction, while in office, all Past Masters, by virtue of service, together with the Grand Master, Deputy Grand Master, Grand Senior and Junior Wardens, Grand Secretary, Grand Master of Ceremonies, Grand Senior and Junior Stewards, Grand Chaplain, Grand Sword Bearer, Grand Persuivant, Grand Tyler and Grand Treasurer." "That all Master Masons, in good standing in some lodge within the jurisdiction of the Most Worshipful Union Grand

Lodge of Fla. not addicted to the habitual use of intoxicating liquors, are members of this Association and shall pay fifty cents for certificate of membership, and an annual fee to be paid to same;" and that the complainants "are contributing members of said Grand Lodge and members in good standing in their subordinate lodges, and so contributed to the Grand Lodge, and paid their Temple Tax."

From these allegations it appears that the complainants are only "contributing members of said Grand Lodge." The rights and privileges of such contributing members are not stated, and it is not alleged that the complainants are of the persons or classes of persons of whom it is alleged the said Grand Lodge is constituted and composed. Consequently it does not appear that the complainants are entitled to sue for the relief prayed, and the ground of the demurrer addressed to this proposition is well taken. This conclusion must result in an affirmance of the decree appealed from and it is so ordered.

SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.