[L. A. No. 3634.   Department One.—June 6, 1916.]

## GEORGE C. TUCKER, Respondent, v. SAMUEL COOPER, Appellant.

NEGLIGENCE—PERSONAL INJURIES—DAMAGES—PLEADING—SUFFICIENCY OF COMPLAINT.—In an action for damages alleged to have resulted to plaintiff from the negligence of the defendant, where the complaint sets out the fact that plaintiff received a compound fracture of the bones of the leg, and alleges the suffering and pain caused thereby, and prays for judgment in the sum of ten thousand dollars, the contention that there is no issue tendered in the pleadings of any sum of money in excess of the amount specially pleaded by the plaintiff as his actual expenses and loss of wages cannot be sustained, as the statement of the claim for damages in the prayer is sufficient.

ID.—DIVERS ITEMS OF DAMAGE—PRAYER FOR TOTAL AMOUNT.—In an action for damages the fact that several of the items entering into the damage are formally alleged in the complaint does not preclude the plaintiff from praying for judgment for the total damages suffered, of which such items are a part; and an objection to the complaint on such ground would in any event be waived by failure to take advantage of it by demurrer.

ID.—MASTER AND SERVANT—SECTION 2009, CIVIL CODE—RIGHT OF CONTROL BY MASTER—COMPENSATION OF SERVANT.—Under section 2009 of the Civil Code, a servant is one who is employed to render personal service to his employer, otherwise than in the pursuit of an

independent calling, and who in such service remains entirely under the control and direction of the latter, who is called his master; and where the latter has the right of control, it is not necessary that he actually exercise such control; nor is it material to such relationship that the servant does not receive pecuniary compensation.

ID.—MASTER AND SERVANT—WHEN RELATIONSHIP SHOWN.—Where it is shown that on a certain date, each having hay to be baled, plaintiff and defendant agreed that plaintiff would assist defendant in baling defendant's hay on a certain farm, with a hay-press supplied by defendant, and in return for such services the defendant would assist plaintiff, and use said hay-press to bale hay for plaintiff on a near-by farm, and it further appeared that the parties were cousins, an implication arises from the facts that plaintiff was subject to the control and direction of defendant in the prosecution of the work of baling hay with the hay-press supplied by the defendant, while the plaintiff's services were rendered at the request of the defendant and for his benefit, and this is sufficient to establish the defendant's liability under section 1969 of the Civil Code to indemnify the plaintiff, in so far as the relationship of master and servant is concerned, for injuries received by plaintiff during the course of the work.

ID.—PLEADING—PROXIMATE CAUSE OF INJURY.—In an action for damages alleged to have been caused by defendant's negligence, in replacing, without plaintiff's knowledge, an oak double-tree with a piece of pine wood, to which a team driven by plaintiff was attached to operate a hay-press, which piece of pine wood, it is alleged, while the team was pulling and the sweep was in a condition of "great strain," broke and released the sweep, which rebounded and sprang back with great force and struck plaintiff, fracturing his right leg in three places, and causing the injuries complained of, the contention that there is no allegation of negligence in the complaint that directly and proximately resulted in the injury to plaintiff cannot be maintained, the complaint sufficiently alleging in sequence a series of facts and circumstances establishing the causation between the negligent act of the defendant in attaching the piece of pine wood in the place of the oak double-tree and the injury to plaintiff.

ID.—INFERENCE OF NEGLIGENCE.—In such a case, where the complaint alleges the facts relating to the substitution of the pine wood for the oak double-tree as a part of the machinery of the press, these facts, under the circumstances alleged, justify the inference of negligence.

ID.—DUTY TO FURNISH SAFE APPLIANCES.—It is the duty of the master to provide reasonably safe appliances for the prosecution of the work the servant is performing, and an omission in that regard constitutes negligence.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. S. E. Crow, Judge presiding.

The facts are stated in the opinion of the court.

Edward J. Dennison, for Appellant.

B. P. Welch, and J. R. Jaffray, for Respondent.

LAWLOR, J.—The plaintiff brought this action to recover damages for personal injuries alleged to be due to the negligence of defendant. The case was tried before the court sitting without a jury, and judgment rendered for the plaintiff. The defendant appeals from the judgment and the order denying his motion for a new trial.

The complaint alleges, in substance, that plaintiff was engaged at the special request of defendant in assisting him in baling hay with a hay-press supplied by defendant; that in the course of such employment he drove the team of horses which furnished power to operate the hay-press; that a short time prior to the accident, and without the knowledge of the plaintiff, the defendant replaced an oak double-tree with a piece of pine wood, which was attached to and thereby became a part of the press, that about ten or fifteen minutes after the substitution had been made, and while the team was pulling and the sweep was in a condition of "great strain," the piece of pine wood broke and released the sweep, which rebounded and sprang back with great force and struck plaintiff, fracturing his right leg in three places and causing the injuries complained of; and that plaintiff was driving the team in full reliance upon defendant having furnished "an ordinarily safe double-tree." It is also alleged that the piece of pine wood was not of sufficient strength or size, or of such material, to withstand the strain which is ordinarily placed upon a double-tree in the prosecution of such work; "that a double-tree of oak is proper"; and that the defendant either knew, or in the exercise of ordinary care should have known, that the piece of pine wood was not strong enough or fitted for such purpose. It is further alleged that the plaintiff incurred as necessary medical and hospital expenses upward of six hundred dollars; that he lost in wages

at least five hundred dollars, and, in addition, "suffered great pain and deprivation by reason of said injuries." In the prayer of the complaint plaintiff asks for judgment for damages in the sum of ten thousand dollars and costs. The defendant demurred to the complaint on general grounds, and upon the special ground that the complaint shows that the plaintiff was "acting as a mere volunteer in doing certain employment upon the farm." The demurrer was overruled, and the defendant filed an answer denying that the plaintiff was engaged at his special request, and that he was without knowledge of the substitution of the pine wood for the oak double-tree. The court's findings were in accord with the foregoing facts as they appeared in the complaint, and judgment was rendered for the plaintiff in the sum of $2,997 and costs.

1. The first point relied upon by the defendant is the alleged error of the court in rendering judgment for a sum in excess of $997, the amount which was found to represent the actual loss of wages and medical and hospital expenses. The defendant contends that notwithstanding the complaint sets out in detail the compound fracture of the bones of the leg, and the suffering and pain caused thereby, and prays for judgment in the sum of ten thousand dollars, there is no issue tendered in the pleadings of any sum of money in excess of one thousand one hundred dollars, the amount specially pleaded by the plaintiff as the actual expenses and loss of wages. A similar question was discussed in *Riser* v. *Walton*, 78 Cal. 490, [21 Pac. 362], where the court said: "The complaint states facts sufficient to sustain a judgment for damages, and while it does not contain a formal allegation of the amount of damages sustained by plaintiff, it concludes with a prayer for judgment for fourteen hundred dollars and costs. We think that the equivalent of a statement of the amount of damage which he had sustained." In 5 Encyclopedia of Pleading and Practice, page 710, note 2, it is said: "The controlling claim for damages is contained in the prayer for judgment, and will obviate the necessity of stating the amount elsewhere in the complaint." (See, also, *Barr* v. *Southern Cal. Edison Co.*, 24 Cal. App. 22, [140 Pac. 47]; *Bank of British Columbia etc.* v. *City of Port Townsend*, 16 Wash. 450, [47 Pac. 896]; 13 Cyc. 175.) The fact that several of the items entering into the damage are formally

alleged in the complaint does not preclude the plaintiff from praying for judgment for the total damages suffered, of which such items are a part. Moreover, the defendant did not take advantage of the point by demurrer. (*Riser* v. *Walton,* 78 Cal. 490, [21 Pac. 362] ; *Bacigalupi* v. *Phoenix Bldg. etc. Co.,* 14 Cal. App. 632, [112 Pac. 892].) Nor do we think that there is any merit in defendant's contention that the finding on this issue is not supported by the evidence.

2. At the close of the plaintiff's case the defendant moved for a nonsuit upon the ground that the relationship of master and servant had not been established. The court denied the motion upon the basis of a stipulation which had been filed in the action by the parties herein. The terms of the stipulation, material to this point, read as follows: "On or about August 4, 1912, each having hay to be baled, plaintiff and defendant agreed that plaintiff would assist defendant in baling defendant's hay on the farm of Mrs. Mary Cooper, with a hay-press supplied by defendant, and in return for such services defendant would assist plaintiff and use said hay-press to bale hay for plaintiff on a near-by farm. It appears that said parties are cousins." There was no other evidence introduced regarding this issue. The defendant contends that the facts set forth in the stipulation are not sufficient to show the alleged relationship, as it does not appear that the plaintiff represented the will of the defendant as to the mode and manner in which he would assist the defendant in accomplishing the work, and that, at most, the facts show that plaintiff was merely representing the defendant's will as to the general result sought to be obtained. The authorities relied upon by the defendant, however, are all cases involving the principle applying between persons and independent contractors, or the servants of independent contractors, and are not in point here. Section 2009 of the Civil Code provides: "A servant is one who is employed to render personal service to his employer, otherwise than in the pursuit of an independent calling, and who in such service remains entirely under the control and direction of the latter, who is called his master." But where the defendant has the right of control, it is not necessary that he actually exercise such control (*Linnehan* v. *Rollins,* 137 Mass. 123, [50 Am. Rep. 287] ; *Giacomini* v. *Pacific Lumber Co.,* 5 Cal.

App. 218, [89 Pac. 1059]) ; nor is it material to such relationship that the servant does not receive pecuniary compensation. (See 1 Labatt's Master and Servant, 2d ed., p. 60; *Barstow* v. *Old Colony R. R. Co.*, 143 Mass. 535, [10 N. E. 255] ; *Union Ry. etc. Co.* v. *Kallaher*, 114 Ill. 325, [2 N. E. 77].) An implication arises from the terms of the stipulation that the plaintiff was subject to the control and direction of the defendant in the prosecution of the work, while the plaintiff's services were rendered at the request of the defendant and for his benefit. This is sufficient to establish the defendant's liability, under section 1969 of the Civil Code, to indemnify the plaintiff in so far as the relationship of master and servant is concerned.

3. The defendant further contends that the complaint is deficient in other particulars. It is claimed that "there was no allegation of negligence that directly and proximately resulted in injury" to the plaintiff. The same objection is made to the findings of facts by the court, which substantially follow the allegations of the complaint. The defendant points out that although the complaint declares the injury resulted from the substitution of the pine wood for the oak double-tree, the evidence shows the injury was directly and proximately caused by the springing back of the sweep due to the "great strain" which plaintiff had caused in driving the team of horses. But the complaint alleges in sequence a series of facts and circumstances which we think establish the causation between the negligent act of the defendant, in attaching the piece of pine wood in the place of the oak double-tree, and the injury to the plaintiff. It is also asserted that the complaint does not specifically allege negligence on the part of the defendant, as there is no general allegation of negligence, nor any specific act that is alleged to have been negligently done or omitted. The complaint does, however, allege the facts relating to the substitution of the pine wood for the oak double-tree as a part of the machinery of the press, and these facts, under the circumstances alleged, justify the inference of negligence. (*Silveira* v. *Iverson*, 125 Cal. 266, [57 Pac. 996]; *Quinn* v. *Electric Laundry Co.*, 155 Cal. 500, [17 Ann. Cas. 1100, 101 Pac. 794]; *Cooley* v. *Brunswig Drug Co.*, 30 Cal. App. 58, [157 Pac. 13].) It was unquestionably the duty of defendant to provide reasonably safe appliances for the prosecution of the

work plaintiff was performing, and an omission in that regard constituted negligence. (*Fogarty* v. *Southern Pac. Co.*, 151 Cal. 785, [91 Pac. 650]; *Carlson* v. *Cucamonga Water Co.*, 7 Cal. App. 382, [94 Pac. 399].)

4. We are of the opinion that defendant's contention that "there is no allegation in the complaint that the defendant had knowledge, actual or imputed, that the double-tree was not reasonably safe for the proper prosecution of the work," is without merit. The allegation of the complaint on this point is sufficient to present the issue, and the finding thereon is supported by the evidence.

5. There was evidence to support the finding of the court that "plaintiff had no knowledge of such substitution." Nor can it be said as defendant contends, that had plaintiff used his senses, he must have seen the piece of pine wood which was attached in place of the oak double-tree, and have known of the dangers attending the change. The facts show that plaintiff had not observed defendant while he was replacing the double-tree, as he was engaged in work on the opposite side of the press, and although he knew a change had been made, he was not aware, until after the accident, that the new double-tree consisted of a piece of pine wood. *Bresette* v. *E. B. & A. L. Stone Co.*, 162 Cal. 74, [121 Pac. 312], is relied upon by the defendant to the effect that the plaintiff should have known of the substitution of the pine wood for the oak double-tree, but a study of the facts of that case clearly show that it is not applicable here.

These are the only points requiring mention.

Judgment and order affirmed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.