[Civ. No. 4595. First Appellate District, Division One.—August 1, 1923.]

L. H. CONNER et al., Respondents, v. J. J. DALE, Appellant.

[1] NEGLIGENCE — AUTOMOBILE COLLISION AT STREET INTERSECTION— DAMAGE TO AUTOMOBILE—PERSONAL INJURIES—FINDING—EVIDENCE. In this action for damages for injury to plaintiffs' automobile and for personal injuries sustained by one of the plaintiffs resulting from a collision between plaintiffs' automobile and that of defendant at a street intersection, the evidence was sufficient to support the finding that the defendant drove his automobile carelessly, negligently, and recklessly.

[2] ID.—RIGHT OF WAY—SECTION 20f, MOTOR VEHICLE ACT—(STATS. 1919, P. 215)—EVIDENCE.—In such action, where the evidence showed that, even accepting defendant's statement that plaintiffs' automobile was ten feet from the intersecting square formed by the two streets at the time defendant entered such square, plaintiffs were still much nearer to the intersection of their respective lines of travel than the defendant, plaintiffs had the right of way under section 20f of the Motor Vehicle Act (Stats. 1919, p. 215).

[3] ID.—PLEADING—DAMAGES—PRAYER.—An allegation in the complaint in such action that the plaintiffs (who were husband and wife) incurred expenses in a specified amount for certain items by reason of personal injuries sustained by the wife did not preclude the plaintiffs from showing that damages other than the items alleged were suffered, or from recovering such other damages, where the prayer asked for the total damages suffered.

[4] ID.—INJURY TO AUTOMOBILE—MEASURE OF DAMAGES.—The damage sustained from injury to an automobile through the negligence of another is the difference in value immediately before and immediately after the injury, subject to the proviso that if it can be entirely repaired at a less expense than the diminution of value because of the injury the measure of damages is the reasonable cost of repairs.

[5] ID.—MEASURE OF DAMAGES—EVIDENCE.—In such action, the testimony of the plaintiff-husband, who was an experienced automobile mechanic, that the plaintiffs' automobile depreciated in value in a specified amount, in the absence of any evidence to the contrary, must be taken as the proper measure of damages in the case.

---

2. Right of way at street or highway intersections, note, 21 A. L. R. 974.

[6] ID.—OPPORTUNITY TO AVOID COLLISION — EVIDENCE—APPEAL.—In such action, where the evidence on the contention that the plaintiffs had a clear opportunity to avoid the danger and the resulting collision was in sharp conflict and such conflict was resolved by the trial court in favor of plaintiffs and against the defendant, the action of the lower court will not be interfered with on appeal.

APPEAL from a judgment of the Superior Court of Fresno County. J. E. Woolley, Judge. Affirmed.

The facts are stated in the opinion of the court.

Gallaher, Simpson & Hays for Appellant.

Geo. Cosgrave for Respondents.

RICHARDS, J.—This action arose out of an automobile collision in the city of Fresno on or about the sixteenth day of January, 1921. Plaintiffs were proceeding in their machine in a southerly direction on Blackstone Avenue in said city and defendant was traveling in a general westerly direction along Divisadero Street in the same city. Blackstone Avenue and Divisadero Street intersect at right angles. The record does not disclose the exact widths of either of these two intersecting streets, although it does appear that Divisadero Street is a narrow street, while Blackstone Avenue is a much wider street and is, in fact, wide enough to accommodate a double line of street railway tracks with ample space for its ordinary vehicle travel. It is alleged that defendant, by reason of his careless, negligent, and reckless driving and management of his automobile, violently ran into and collided with plaintiffs' machine at the intersection of said streets, causing plaintiffs' automobile to be wrecked and demolished to their damage in the amount of $1,000; and that by reason of this collision the plaintiff Bertha Conner sustained severe injuries, the nature and extent of which are specifically set forth in the complaint, necessitating treatment in a hospital for fifteen days and was confined to her bed for a period of four months; that by reason of said treatment, attendance of nurses, purchase of drugs, and medical supplies, plaintiffs have incurred expenses in amount of $400 and liability for physicians' services $300. Plaintiffs therefore prayed for judgment in the

sum of $11,700 and costs. The trial came on for hearing before the court without a jury, at the conclusion of which the court filed its findings of fact and conclusions of law, finding that the injuries suffered were due to the carelessness, negligence, and recklessness of defendant and assessing damages in the sum of $6,700 and costs. Judgment was rendered accordingly. Defendant thereupon moved for a new trial, which the court ordered denied. From said judgment defendant now prosecutes this appeal.

[1] Appellant's first contention is that there is no evidence to support the finding that the defendant drove his automobile carelessly, negligently, and recklessly. There is substantial conflict in the testimony with regard to the speed of the automobiles and their position when moving just prior to the accident, plaintiff L. H. Conner stating that he first saw the lights of defendant's car when his, Conner's, machine was about ten feet north of Divisadero Street and that defendant's car at that time was about to enter the square forming the intersection of the two streets; that he was going about fifteen miles per hour, and estimated that defendant was traveling about twenty-five miles per hour; that "I said something to my wife at that time about the car' and I kind of looked back over my shoulder and I seen it was going to hit us and I tried to give her the speed, and being a new car she wouldn't get away. I tried to avoid him hitting me and he swung to his left and pinned us against the post on that corner." Mrs. Bertha Conner corroborated the statements made by her husband. On the other hand, defendant testified that "After I had practically crossed the second track, an automobile whipped out from behind the car at a very terrific rate of speed." Defendant estimated his speed at from ten to twelve miles per hour and was corroborated in this regard by L. F. Ward, a passenger with him in his machine, and H. Beaverson, motorman on the street-car which Conner states he passed thirty feet back from the intersection going in the same direction. The motorman testified that he first saw defendant's car when the same was on the east car track and that "I had to slow down, applied my air going across there." This witness testified that he did not see the Conner machine. [2] Defendant also contends that L. H. Conner was himself guilty of negligence in that the evidence showed that defendant

was closer to the point of intersection of the line of travel of the two machines than the plaintiff's car approaching from the right and that Conner's action was a violation of section 20f, chapter 147, of the Motor Vehicle Act (Stats. 1919, p. 215). Defendant's analysis of L. H. Conner's testimony brings him to the conclusion that at the time defendant entered the intersection, Conner was ten feet from the intersection and thirty feet ahead of the street-car. A review of Conner's testimony does not sustain this contention. Conceding that the plaintiffs' car was ten feet northerly from the northerly intersecting line of the two streets at the time the defendant's car was at the easterly intersecting line of the two streets, it does not follow that under the section of the Motor Vehicle Act above quoted the defendant would have the right of way, since under that section the question as to which of two motor vehicles has the right of way at intersecting streets depends upon the relative distance of each from the intersection of their respective lines of travel, and the evidence herein shows that the plaintiff, even accepting the defendant's statement as to where it was at the time defendant entered the intersecting square, he was still much nearer to the intersection of their respective lines of travel than the defendant was and hence under said section of the Motor Vehicle Act had the right of way. The testimony of the respective parties is in sharp conflict as to their respective positions when each discovered the other's approach on entering the intersecting square. The trial court, in effect, adopted the plaintiffs' version as to this situation and held that under the circumstances the plaintiffs should have been accorded the right of way in pursuance of the provisions of section 20f of chapter 147 of the Motor Vehicle Act, *supra*, regulating the duties of drivers of automobiles at street intersections.

[3] Appellant further contends that there is no issue raised by the pleadings as to the amount of damages caused by the injuries to the wife, other than the amount pleaded as to doctor bills and hospital expenses, sufficient to justify the admission of evidence as to such injuries or sufficient to justify the finding of the trial court as to the amount of damage sustained by Mrs. Conner by reason of such injuries. The contention is made that timely objection was made to the introduction of any evidence other than to establish the

fact that the injuries necessitated incurring doctor bills and hospital expenses. There is no merit in either of these contentions. In *Riser* v. *Walton,* 78 Cal. 490 [21 Pac. 362], it was held that a complaint which did not contain a formal allegation of the amount of damage sustained by the plaintiff, but which did state facts sufficient to sustain a judgment for damages and concluded with a prayer for judgment for a specific amount, sufficiently stated a cause of action, and that the prayer for judgment was the equivalent of a statement in the complaint as to the amount of damage which the plaintiff had sustained. This case was cited with approval in *Barr* v. *Southern California Edison Co.,* 24 Cal. App. 22 [140 Pac. 47], the court saying: "Moreover, the prayer of the complaint was for a specific sum which plaintiff sought to recover upon the facts alleged, and it has been held that this is equivalent to a formal allegation of the amount of damages sustained." In *Tucker* v. *Cooper,* 172 Cal. 663 [158 Pac. 181], the court says: "The fact that several of the items entering into the damage are formally alleged in the complaint does not preclude the plaintiff from praying for judgment for the total damages suffered, of which such items are a part." The language quoted in the latter case also meets our approval that "the controlling claim for damages is contained in the prayer for judgment, and will obviate the necessity of stating the amount elsewhere in the complaint" (172 Cal. 666 [158 Pac. 182]).

Appellant further contends that the amount of damage claimed to have been suffered by plaintiffs' automobile was not supported by the evidence. Plaintiff L. H. Conner was an experienced automobile mechanic and after the accident repaired the car himself and sold it for $1,000. The automobile was practically new, having been driven only 400 miles. The purchase price of said car was $2,070. [4] The rule followed in this state is that damage sustained is the difference in value immediately before and immediately after the injury, subject to the proviso that if it can be entirely repaired at a less expense than the diminution of value because of the injury the measure of damages is the reasonable cost of repairs. (*Rhodes* v. *Firestone Tire & Rubber Co.,* 51 Cal. App. 569 [197 Pac. 392].) [5] Conner testified without contradiction that the car depreciated in value in amount of

$1,070.   In the absence of any evidence to the contrary this must be taken as the proper measure of damage in this case.

[6]   The final contention of appellant is that the plaintiff had a clear opportunity to avoid the danger and the resulting collision.   The evidence in connection with this contention as before stated is in sharp conflict and was resolved by the court below in favor of plaintiffs and against the defendant's contention in this regard.   We therefore see no reason for disturbing this conclusion of the trial court.

The judgment is affirmed.

St. Sure, J., and Tyler, P. J., concurred.