[Civ. No. 5817. First Appellate District, Division Two.—July 13, 1927.]

THEODORE HALE, Respondent, v. F. A. GIESEA et al., Appellants.

Silverstein, Collier & Silverstein for Appellants.

Theodore Hale, Barry J. Colding, William M. Abbott, K. W. Cannon and Enid Childs for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to recover on six separate promissory notes. All defendants answered and a trial was had before the trial court sitting without a jury. The trial court made findings of fact in favor of the plaintiff and from a judgment based thereon the defendants have appealed under section 953a of the Code of Civil Procedure.

Each note was dated March 26, 1923; each note was for a different amount; each note was payable to a different payee; but otherwise each note was in the same general form and was a demand note bearing interest at the rate of six per cent payable in San Francisco, and contained a provision for an attorney fee if suit were brought, and each note was signed "Cosmopolitan Producing Company by Dick Wilbur, manager."

It is contended by the defendants that they were not copartners. It was alleged in the complaint that they were copartners, and the defendants appeared as copartners, filed an answer as copartners, and did not deny that they were copartners. The denial that was interposed was a denial as to what business, if any, the copartnership undertook. The defendants assert that they were joint adventurers. That assertion is entirely without the allegations of the pleadings. No issue on that subject was presented to the trial court. The last contention made by defendants is

that if the relationship of the defendants was that of copartners, the defendant Dick Wilbur had no power to execute the notes. In this connection it may be stated that all of the individuals are actors. Prior to the month of November, 1922, they entered into a plan and arrangement to produce certain entertainments at different places in the state of California. Commencing in about the month of November they proceeded to carry out the plan. Mr. Rusco acted as advance agent and proceeded ahead of the theatrical troupe making arrangements, etc. Mr. Wilbur acted as manager and as such had full power to hire and discharge, to collect the receipts, pay the bills, and pay the employees. Each week he rendered accounts to each of his four partners. The enterprise was a failure and came to an end about the 17th of March, 1923. At that time Mr. Wilbur executed to each of the creditors a due-bill. Thereafter the notes in suit were executed to the payees and the due-bills were taken up. The defendants vigorously complain because the plaintiff, as assignee of his clients, insisted upon and, in fact, induced Mr. Wilbur to execute the notes and take up the due-bills. In this connection the defendants strenuously contend that although the shows did not stop until March 17, 1923, the partnership was dissolved and no act of a partner could be performed as such by Mr. Wilbur on March 26, 1923, the date of the notes—nine days thereafter. From the record before us, it is clear that the partnership was formed as early as November, 1922. The defendants cite no part of the record showing a dissolution of the partnership prior to March 26, 1923, nor at any other time. ■ The mere fact that the association ceased to produce entertainments on March 17, 1923, did not in itself show a dissolution on that date. ■ The defendants further contend that as manager Mr. Wilbur did not have the power to execute the notes. The contention is entirely without merit. (*Krasky* v. *Wollpert,* 134 Cal. 338, 341, 342 [66 Pac. 309]; Civ. Code, sec. 2429.)

The defendants contend that the relation existing among them was an agreement merely for financing. As stated above, such a contention is entirely without the issues in the case. Moreover, it is in direct conflict with much of the evidence.

■ The defendants assert that one of the notes was made payable to Ivy Mertons; that she was at all times

mentioned in the pleadings the wife of Mr. Wilbur; that the note in her favor was community property; that the husband has the management of the community property; and that the assignment of the note to the plaintiff without the consent of the husband was invalid. There is no evidence that the assignment was without the husband's consent. Our statute authorizes a wife to sue alone on such a claim. (Code Civ. Proc., sec. 370.) No reason appears why her assignee may not sue thereon. (Civ. Code, sec. 954.)

Objection was made in the trial court, and is made at this time, that the notes were improperly received in evidence. The plaintiff was sworn as a witness and testified regarding his title to the notes. No evidence was introduced contradicting his testimony in that regard. Each note bore an indorsement in blank which purported to be the signature of the payee. The notes were produced out of the possession of the plaintiff. The trial court did not err in receiving them in evidence. (*Edwards* v. *Wagner*, 121 Cal. 376 [53 Pac. 821]; *Vance* v. *Gilbert*, 178 Cal. 574 [174 Pac. 42]; *Bickerdike* v. *State*, 144 Cal. 698, 700, 701 [78 Pac. 277].)

In drawing his complaint the plaintiff pleaded each note *in haec verba;* as recited above each note contained a clause that a reasonable attorney's fee might be allowed by the court in case suit was brought; in each count the plaintiff did not plead what was a reasonable attorney's fee, but in his prayer he did ask for "a reasonable attorney's fee to be allowed in the premises." In making its findings the trial court "as conclusions of law" found separately the amount of the principal, the amount of interest, "plus $250 attorney's fee." The pleading was sufficient to admit the proof and the findings were sufficient to support the judgment. (*Conner* v. *Dale*, 63 Cal. App. 338, 341, 342 [218 Pac. 462].)

The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 8, 1927.