DAVID C. WALKER, BY AND THROUGH HIS GUARDIAN AD LITEM, CONRAD H. WALKER, APPELLANT, V. BERT BURKHAM, RESPONDENT.

No. 3437

September 10, 1945. 161 P. 2d 649.

*Royal A. Stewart,* of Reno, for Appellant.

*William M. Kearney,* of Reno, for Respondent.

## OPINION

By the Court, TABER, C. J.:

In December 1944 a tort action was commenced in the Second judicial district court, Washoe County, by Conrad H. Walker, and Conrad H. Walker, guardian ad

litem for David C. Walker, plaintiffs, against Bert Burk-
ham, defendant. The alleged wrongs were committed
against the person of said David C. Walker. Plaintiffs
prayed judgment for damages as follows: 1. $1,500
for medical and hospital expenses; 2. $5,000 for the
bodily pain, suffering, distress, and discomfort suffered
by said David C. Walker; 3. $5,000 for permanent
injuries sustained by him.

In January 1945 an amended complaint was filed in
said action by David C. Walker, by and through his
guardian ad litem, Conrad H. Walker, plaintiff, against
said Bert Burkham, defendant. In this amended com-
plaint plaintiff prayed judgment for damages as follows:
1. $6,500 for the bodily pain, suffering, distress and dis-
comfort suffered by said David C. Walker; 2. $5,000
for permanent injuries sustained by him.

Defendant demurred generally and specially to said
amended complaint, and also moved the trial court to
strike it from the files, and to strike certain specified
portions thereof. The motion to strike the entire
amended complaint from the files was made upon the
ground that it was irrelevant, immaterial, redundant,
and sham. The court did not rule on the motion to
strike, but sustained the demurrer, at the same time giv-
ing plaintiff ten days in which to file a second amended
complaint, or take such other action as he might deem
advisable. Plaintiff declined to amend further, and the
court, in April 1945, entered judgment dismissing the
amended complaint. From that judgment plaintiff has
appealed to this court, the appeal being taken on the
judgment roll alone. Neither the original complaint nor
said motion to strike was included in the record on
appeal.

After appellant's opening brief had been served and
filed, respondent moved this court for an order directing
that said original complaint and motion to strike be
included in the record on appeal. The motion is based
upon the ground that it is necessary to include said
papers in the record in order to enable this court to

determine whether the purported amended complaint constitutes an amended complaint, or whether it "is an entirely new action by a new plaintiff not mentioned in the original complaint."

It is not deemed necessary to determine whether the original complaint and the motion to strike, or either of them, constituted part of the judgment roll. It would avail respondent nothing if both papers were included in the record on appeal. No contention was made in the lower court that the amended complaint was a new action by a new plaintiff not mentioned in the original complaint. Such a contention was not the ground or one of the grounds upon which defendant's motion to strike the amended complaint from the files was based. Neither the alleged departure nor the change in parties plaintiff is a jurisdictional defect, and defendant, having demurred, cannot for the first time urge either of them on appeal. State v. District Court, 80 Mont. 97, 257 P. 1014; Groom v. Bangs, 153 Cal. 456, 96 P. 503; Ibach v. Jackson, 148 Or. 92, 35 P. 2d 672; 1 Bancroft's Code Pl., sec. 621, p. 907, n. 8; 1 Ten Year Supp., Bancroft's Code Pl., Pr. and Rem., sec. 720, p. 404, nn. 12, 14; 41 Am. Jur., "Pleading," sec. 392 (first two sentences); Id., sec. 395, nn. 17, 20, 7; Id., sec. 396, nn. 10, 11, 12; 49 C. J. 832, note 84.

Motion denied.

## ON THE MERITS

January 16, 1946. 165 P. 2d 161.

*Royal A. Stewart,* of Reno, for Appellant.

*William M. Kearney,* of Reno, for Respondent.

## OPINION

By the Court, TABER, C. J.:

The amended complaint purports to allege two causes of action—one for assault, the other for assault and battery. Plaintiff, a minor, seeks to maintain the action by and through his guardian ad litem.

Paragraphs VII, VIII, IX and X of the first cause of action read as follows:

"VII. That the defendant, on or about the time aforesaid, at or about the place aforesaid, unlawfully, wilfully and theateningly shouted at the plaintiff, David C. Walker, and advanced upon the plaintiff aforesaid, rapidly and in an angry and threatening manner, with

intent to commit a trespass upon the person of the plaintiff aforesaid.

"VIII. That the defendant was and is a large, virile man, fully capable of seriously injuring the plaintiff, David C. Walker, and that the plaintiff aforesaid was placed in immediate and mortal fear and apprehension of an immediate physical injury to his person by and at the hands of the defendant.

"IX. That the plaintiff, David C. Walker, ran away from the defendant and that thereupon the defendant unlawfully, wrongfully, wilfully and maliciously pursued the plaintiff aforesaid and ran after the plaintiff aforesaid, to the fright and terror of the plaintiff, David C. Walker.

"X. That solely as a result of the wrongful, unlawful, wilful and malicious conduct aforesaid on the part of the defendant, the plaintiff, David C. Walker, fell upon the ground with great force and violence, breaking his arm and breaking his eye-glasses."

Paragraph I of the second cause of action realleges paragraphs I to X, inclusive, of the first cause of action, then proceeds as follows:

"II. That the defendant did then and there, wilfully and unlawfully and maliciously or wilfully or unlawfully or maliciously beat, strike and trip the plaintiff, David C. Walker, and that the defendant did then and there at the time aforesaid lay violent hands upon the person of the plaintiff, David C. Walker, and that the defendant did then and there at the time aforesaid, break the plaintiff's eye-glasses, and break the plaintiff's arm.

"III. That by reason of the premises aforesaid, the plaintiff has suffered great bodily pain, great distress of body and mind, suffering and discomfort and permanent injury to his body; that he was thereby disabled and hospitalized for a long period of time and was unable to attend school or to attend to his normal duties.

"IV. That by reason of the premises aforesaid, the plaintiff, David C. Walker, was and will be permanently

injured, disabled, scarred and his body rendered unsightly."

The prayer is for "(1) The sum of Six Thousand Five Hundred Dollars ($6,500.00) for the bodily pain, suffering, distress and discomfort necessarily suffered by the plaintiff, David C. Walker. (2) The sum of Five Thousand Dollars ($5,000.00) for permanent injuries necessarily sustained by the plaintiff, David C. Walker."

In the trial court defendant demurred generally and specially to said complaint, and also made a motion to strike. After hearing arguments on the demurrer and motion, the court made the following minute order: "The Motion to Strike and Demurrer were argued by counsel for the respective parties, and upon being submitted to the Court for decision, the Court ordered that the Demurrer be sustained, and the plaintiff was given ten (10) days in which to file a Second Amended Complaint, or take such other action as he deems advisable." The record does not show that plaintiff made any application to the court for an amended or supplemental order showing upon what ground or grounds the demurrer was sustained.

Plaintiff did not file a second amended complaint within the time allowed, or request additional time within which to do so. He elected to stand upon his amended complaint, and requested that judgment be awarded defendant so that plaintiff could take an appeal to this court. The trial court accordingly entered judgment dismissing the amended complaint, and it is from that judgment that this appeal has been taken.

Appellant contends that a general order sustaining a demurrer is improper if the pleading demurred to is good as against any one or more of the objections raised by the demurrer. We have found, however, that by the weight of authority a judgment against a plaintiff who elects to stand upon his complaint, after the sustaining of a demurrer thereto which was both general and special, will be sustained if any of the grounds

of demurrer was well taken, particularly where the plaintiff refuses to amend. Aalwyn v. Cobe, 168 Cal. 165, 142 P. 79; Gutterman v. Gally, 131 Cal. App. 647, 21 P. 2d 1000; California Trust Co. v. Cohn, 214 Cal. 619, 7 P. 2d 297; Robinson v. Godfrey, 78 Cal. App. 284, 248 P. 268; 1 Ten Year Supp., Bancroft's Code Pl., Pr. and Rem., sec. 223, p. 125; Ritchie v. Johnson, 158 Kan. 103, 144 P. 2d 925; City of Goldfield v. McDonald, 52 Colo. 143, 119 P. 1069; Paine v. British-Butte Mining Co., 41 Mont. 28, 108 P. 12; Tice v. Dickerson, 60 Fla. 380, 53 So. 645. It thus becomes necessary to consider whether any ground of demurrer was well taken.

Two contentions in respondent's brief, (1) that parties to an action cannot be changed by amendment and (2) that there was no guardian ad litem appointed when the original complaint was filed and summons issued, require no discussion in view of what was said by this court in Walker v. Burkham, 161 P. 2d 649.

Respondent's main contention is that an action for personal injuries to a minor child can be maintained in Nevada only by the parents, or by either of them. In support of this view, he relies upon that part of sec. 8553, N. C. L. 1929, which reads as follows: "The father and mother jointly, or the father or the mother without preference to either, may maintain an action for the death or injury of a minor child, when such injury or death is caused by the wrongful act or neglect of another * * *." Further, in support of his position, respondent cites Perry v. Tonopah Mining Company, D. C., 13 F. 2d 865.

■ The authorities seem unanimous to the effect that an infant may maintain an action of this kind. It is so held in at least some three dozen jurisdictions, including Canada and England. The rule is so well established that we do not feel it necessary to cite the numerous cases supporting it. Many, if not most, of them may be found cited in the following: 27 Am. Jur., Infants, sec. 114, p. 835, n. 4; 43 C. J. S., Infants, sec. 104, p. 268,

n. 30; 31 C. J., Infants, sec. 252, p. 1114, n. 67; Anno., 48 Am. Dec. 624 (first full paragraph).

■ While sec. 8553, N. C. L. 1929, gives the parents a right of action for the tortious injury of their minor child, there is nothing in that section which warrants the conclusion that it was the intention of the legislature to deprive the infant of his common law right to sue for damages for such injury, though the elements of the damages recoverable by him may be limited to such items as pain, suffering, disfigurement and the like. In a suit by the parents, they would be entitled to recover only such damages as may have been sustained by them, such as their loss of the child's services and earnings and the medical expenses incurred by them in effecting a cure. 39 Am. Jur., Parent and Child, sec. 74; 20 Cal. Jur., Parent and Child, sec. 38, n. 9.

Perry v. Tonopah Mining Company, D. C., 13 F. 2d 865, so strongly relied upon by respondent, is not in point. In that case the action was for the wrongful death of a minor, and was brought by the father as administrator. In the opinion Judge Farrington said, "The common law afforded no remedy in damages for a wrongful death. Whatever standing plaintiff has in the present case must be found in the statutes of Nevada. The remedy, being wholly statutory, is exclusive. But the common law did and always has afforded a remedy to an infant for personal injuries tortiously inflicted upon him. In addition to the authorities already cited, see Durkee v. Central Pac. R. Co., 56 Cal. 388, 38 Am. Rep. 59; 6 Bancroft's Code Pr. and Rem., sec. 4846, p. 6352, n. 12.

It was also stated in the opinion in the Perry case [13 F. 2d 869] that sec. 4996 Rev. Laws of Nev. (now 8553, N. C. L., 1929) "permits the parent to bring an action in his own right for the death or injury of a minor child. The proceeds are his." It is plain that by "proceeds," as applied to an action by parents for injuries to their minor child, is meant moneys recovered for damages

sustained by them because of the child's injuries, not moneys recoverable by the infant himself for pain, suffering and other damages personal to himself. In studying the Perry case it must be borne in mind that the discussion by Judge Farrington refers primarily to the kind of action he had under consideration and the facts alleged in the complaint therein. We are convinced that the court in that case did not hold or say, or intend to hold or say, that under the statutes of Nevada an infant has no cause of action for pain, suffering, etc., resulting from personal injuries tortiously inflicted upon him.

The purpose of our legislature in enacting sections 8553 and 8554 N. C. L. 1929 (formerly sections 4996 and 4997 Rev. Laws of 1912), is stated by the court in the Perry case, 13 F. 2d, at page 868. On page 870, 13 F. 2d, Judge Farrington further says: "What the statute does give is a new and independent right of action to the kindred who are injured by the death. It is a right of action which has no existence until the death of the injured party, and results therefrom. It makes no account of wrong done to the deceased; it is only concerned with the loss to the relatives." We are satisfied that said sec. 8553 does not affect in any way the capacity of infants to sue in cases such as that at bar.

■ Another contention of respondent is that there is no allegation in either count of the amended complaint setting forth damages claimed to have been suffered. He maintains that it cannot be determined whether the claim for damages is made under the first count or the second count. With respect to this contention it may be observed that it was not made a ground of special demurrer; it can therefore be considered on this appeal only in support of the general ground.

Section 8594 N. C. L. 1929, reads in part: "The complaint shall contain: * * * 2. A statement of the facts constituting the cause of action, in ordinary and concise language. 3. A demand for the relief which the plaintiff claims. If the recovery of money or damages be demanded, the amount thereof shall be stated."

 In the present case neither cause of action contains a separate ad damnum clause. The amount of damages claimed, however, is stated in the prayer of the amended complaint. The prayer is the controlling part of the complaint as to the amount of damages. Bank of British Columbia v. City of Port Townsend, 16 Wash. 450, 47 P. 896; 2 Sutherland on Damages, 4th Ed., sec. 415, p. 1355, n. 15. Each count states facts sufficient to constitute a cause of action within the meaning of subdivision 2 of said sec. 8594. By the weight of authority a complaint which states the facts showing plaintiff's damages in a manner sufficient to sustain a judgment, and concludes with a prayer for damages in a named sum, is sufficient though it fails to contain a formal allegation that plaintiff has been damaged in a stated amount. Gallagher v. California Pacific Title & Trust Co., 13 Cal. App. 2d 482, 57 P. 2d 195; Hollopeter v. Palm, 134 Or. 546, 291 P. 380, 294 P. 1056; Westervelt v. McCullough, 68 Cal. App. 198, 228 P. 734; Abalas v. Consolidated Const. Co., 32 Cal. App. 732, 164 P. 19; Tucker v. Cooper, 172 Cal. 663, 158 P. 181; Barr v. Southern California Edison Co., 24 Cal. App. 22, 140 P. 47; Riser v. Walton, 78 Cal. 490, 21 P. 362; 1 Bates' New Pleading and Practice, p. 264, (A) 2; 1 Bancroft's Code Pleading, sec. 164, pp. 281, 282, n. 17; 8 Cal. Jur. sec. 123, p. 883, n. 13; 49 C. J., Pleading, sec. 189, p. 176, n. 74; 17 C. J., Damages, sec. 301, p. 999, n. 46; See also 25 C. J. S., Damages, sec. 130. This court has held in a number of cases that the prayer for relief forms no part of the statement of the cause of action. First National Bank v. Abel, 56 Nev. 489, 56 P. 2d 148; Keyes v. Nevada Gas Co., Limited, 55 Nev. 431, 38 P. 2d 661; Kingsbury v. Copren, 43 Nev. 448, 454, 187 P. 728, 189 P. 676. So, even if the amount of damages be defectively stated in a prayer for relief, such defect is not a ground for general demurrer.

There remain for consideration paragraphs VI, VII, VIII and IX of defendant's demurrer based upon alleged

ambiguity, unintelligibility and uncertainty, particularly in the second cause of action. Said paragraphs VI and VII of the demurrer read as follows:

"VI. That Paragraph II of said second purported cause of action is uncertain in that it cannot be ascertained therefrom how or in which manner the said defendant *layed* 'violent hands upon the person of the plaintiff, David C. Walker,' nor can it be ascertained therefrom whether or not it is intended to allege that the defendant acted wilfully and unlawfully and maliciously, or whether it is intended to allege that it was only wilfully or only unlawfully or only maliciously that the defendant acted toward the plaintiff.

"VII. That the said second cause of action is uncertain in that it cannot be ascertained therefrom by the allegations I to X, inclusive, which have been pleaded by reference in the purported second cause of action, whether the alleged purported injury to plaintiff arose when as alleged, 'the plaintiff fell upon the ground' as set forth in Paragraph X of the first cause of action, or whether the alleged and purported injury of the plaintiff was a result of the alleged and purported beating, striking and tripping the plaintiff, as alleged in Paragraph II of the second cause of action."

Said paragraphs VIII and IX of the demurrer state that the amended complaint is ambiguous and unintelligible, as well as uncertain, for the reasons set forth in said paragraphs VI and VII.

■ The contention that it cannot be ascertained how or in what manner the defendant laid violent hands upon plaintiff is so manifestly without merit as not to require discussion.

■ The disjunctive allegations in paragraph II of the second cause of action are not, in the court's opinion, ambiguous, unintelligible, or uncertain. Such alternative allegations are permissible in a case of this kind. It is difficult, however, to understand why the

pleader saw fit to add the words "or wilfully or unlaw-fully or maliciously." Under the conjunctive allega-tion "wilfully and unlawfully and maliciously" plaintiff could, if the evidence should prove sufficient, claim dam-ages at the trial upon the basis of conduct on the part of defendant which was wilful and unlawful and malicious; or failing to establish all three, he would still be in a position to show one *or two* of them. But by adding the words "or wilfully or unlawfully or maliciously" to the conjunctive allegation, plaintiff may possibly have placed himself in such a position that at the trial he must either prove the wilfullness *and* the unlawfulness *and* the maliciousness, or failing in that, be compelled to rely on only one, not one *or two*, of said averments.

■ Coming now to the special ground of demurrer set forth in paragraph VII thereof, the court is of the opinion that as the result of realleging, in the second cause of action, paragraph X of the first cause of action, the former is technically defective as pointed out in the demurrer. But we are unable to see how this defect affects any substantial right of defendant (respondent) within the meaning of sec. 8622, N. C. L. 1929. We say this because defendant in preparing his defense, will not be required to make any further or different preparation than he would if paragraph X of the first cause of action had not been realleged in the second cause of action.

Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.