JAMES SIDELINGER, In Equity, *vs.* GEORGE BLISS, Admr.

Lincoln.    Opinion June 12, 1901.

*Deed. Record. Notice. R. S., c. 73, § 8.*

A prior unrecorded deed, by R. S., c. 73, § 8, is not effectual against other persons, claiming title by a subsequently recorded deed, without actual notice of such prior deed.

*Held;* that the burden of proof to show such actual notice rests upon the party seeking to establish title by an unrecorded deed, as against the holder of a subsequent deed having an earlier record.

The decision of a single justice upon matters of fact, in an equity hearing in the first instance, should not be reversed unless it clearly appears that such decision is erroneous.

The burden is upon the appellant to show that the decree appealed from is clearly wrong; otherwise it must be affirmed.

*Held;* that in this case the plaintiff has failed to show that the decree is erroneous.

In equity.    On appeal.    Appealed dismissed.

Bill in equity, heard on bill, answer and testimony, praying to have a cloud on the plaintiff's title removed.

The Chief Justice, who heard the case, in the first instance, made the following findings and entered his decree accordingly.

This case came on for hearing on bill, answer, and written and oral evidence, before me at the last October term in said county, and was fully heard, and argued by the parties, and then the papers were taken by me for examination and consideration before final decision; and now I do make my decree in the premises, and determine and decree as follows, namely: That the bill is not sustained by the proof, and that the same be dismissed with costs for the respondent.

It was contended by the complainant that the bill might be considered as a bill for redemption of a mortgage, by taking the bill as it is, or as it might be by amendment, but I overruled that proposition.

I consider the case on the question of notice of complainant's mortgage as a very close one, and my opinion has vacillated on the question considerably during my examination of the evidence. But as the burden of proof is upon the complainant and testimony as to the declarations of the respondent's intestate is susceptible of error or mistake, upon the whole I determine the question of fact in favor of the respondent.

*O. D. Castner*, for plaintiff.

*C. E. & A. S. Littlefield*, for defendant.

SITTING:   WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, FOGLER, JJ.

FOGLER, J.   This is an appeal by the complainant from a decree below dismissing the bill with costs for the respondent.

The case is thus:   On the 12th day of March, 1895, one Hopkins conveyed to the complainant, in mortgage, certain real estate described in the bill, situate in Waldoboro in the county of Lincoln. This mortgage was not entered for record in the registry of deeds for Lincoln county until March 23, 1897.

October 9, 1896, the same mortgagor conveyed the same premises in mortgage, to Hiram Bliss Jr., the defendant's intestate, which last named mortgage was entered for record in said registry on the 10th day of October, 1896.

The complainant alleges in his bill that when the mortgage of October 9, 1896, was given, Hiram Bliss Jr., the mortgagee, had actual notice of the mortgage given to the complainant March 12, 1895.

The bill prays that the priority of the complainant's right and title under his mortgage, over the right and title of the defendant under his mortgage, be established and declared by an appropriate decree.

The case was heard by Chief Justice PETERS at the October term, 1899, in Lincoln county. The Chief Justice, after maturely considering the case, filed his decree dismissing the bill with costs November 24, 1899, from which decree the complainant appeals.

The issue was purely of fact.

The decision of a single justice upon matters of fact in an equity hearing should not be reversed unless it clearly appears that such decision is erroneous. *Paul* v. *Frye*, 80 Maine, 26.

The burden is upon the appellant to show that the decree appealed from is clearly wrong, otherwise it must be affirmed. This burden the appellant has not sustained. A careful examination and consideration of the testimony, and of the arguments of counsel, fail to convince the court that the decree should be disturbed.

*Appeal dismissed.*

*Decree below affirmed with additional costs.*