EDWARD C. LUNT

*vs.*

THE FIDELITY & CASUALTY COMPANY OF NEW YORK.

GEORGE A. CONSTANTINE

*vs.*

THE FIDELITY & CASUALTY COMPANY OF NEW YORK.

Penobscot.   Opinion, October 24, 1942.

*Clinton C. Stevens,* for plaintiff Edward C. Lunt.

*Fellows & Fellows,* for plaintiff George A. Constantine.

*James E. Mitchell,* for the defendant.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, JJ.

MURCHIE, J.   These two cases present appeals by the defendant from decrees of a Justice of the Superior Court, sitting in equity, awarding $5,000 to the plaintiff Lunt and $2,950 to the plaintiff Constantine. The plaintiffs are judgment creditors of one Joy C. Small, holding executions against him for the amounts of their awards, recovered in actions at law alleging personal injuries caused by his negligent operation of a motor vehicle. The defendant is the insurer of Small, under a policy of insurance issued to indemnify him against all claims originating in the operation of the particular vehicle, with certain stated exceptions. The proceedings were brought pursuant to the provisions of R. S. 1930, Chap. 60, Sec. 178, and the plaintiffs are entitled to reach and apply insurance money to the extent of their respective awards unless they were employees of Small when the negligence occurred. The policy coverage excludes bodily injury to employees of the insured sustained while engaged in his business.

Small was a dealer in potatoes, buying the goods he handled over a considerable area, accepting delivery at the farms or warehouses of his vendors, and providing all necessary handling in connection with the loading, transport and delivery thereof to merchants. The plaintiffs, at an earlier time, had regularly furnished some of the labor incident to the loading of the potatoes handled by Small, but their regular relationship

with his business, whatever it may have been, had been terminated prior to the issue of the policy of insurance which is in question, and their only connection with it, after the issue of that policy, was on January 15, 1941 when, at the solicitation of Small, and because his then regular employees were not available, they traveled with him from Brewer to Lincoln or Enfield, performed there the same kind of labor which they had been wont to perform during the earlier period of relationship, and were riding back to Brewer with him in the insured vehicle when the negligence and resulting accident occurred.

While regularly engaged in the business of Small the plaintiffs had traveled to and from the places where delivery of potatoes was accepted in an automobile owned by the plaintiff Lunt. The exact basis on which their compensation during that period was computed is not clear on the record, but it definitely appears that their work was performed, as was the case on the day in question, under the direction of Small, and that they were paid for their labor weekly, on Saturday night. When the accident occurred, they had collected no compensation for the work, performed earlier in the day, nor had they asked, or been offered, any.

Decision of the cases below was based upon a finding or ruling that the plaintiffs were not employees of Small, notwithstanding that counsel for the plaintiff Lunt contended there, as in this Court, that the defendant was precluded from raising the question of insurance coverage because its counsel had assumed control of the defense of Small in the actions at law wherein the executions sought to be satisfied out of the insurance money were obtained. Counsel interprets the decision in *Colby, Pro Ami et al. v. Preferred Accident Insurance Company of New York*, 134 Me., 18, 181 A., 13, as establishing such a principle, not merely when there was no reservation whatsoever, but when none was assented to by the execution creditor. He relies on the statement in the opinion that "no notice was given the plaintiffs," but the case cannot be said to enunciate

a broader principle than that defending *without* reservation is "entirely inconsistent with non-coverage." The cited case is clearly distinguishable from the present ones. There, counsel for the insurer stated at the trial of the action at law that "as far as the coverage was concerned it was all right." There, liability was contested and there was no intimation, pending determination of it, that the coverage issue would ever be raised in any proceedings. Here, prior to assuming the defense of the action at law, the insurer secured the agreement of his assured that participation therein would not waive his right to deny coverage, as plaintiffs and counsel were fully aware, and the judgments sought to be enforced were secured by agreement. The Exhibits disclose a writing subscribed by both plaintiffs in which each asserted that he would not seek to enforce his judgment "if a court of proper and final authority . . . decides that there was no insurance coverage on . . . Small." More than this, counsel himself signed an undertaking that the agreement for judgment should not be used in any way "by anyone in any later proceedings on the question of the insurance coverage . . . on the automobile of . . . Joy C. Small." Upon him who seeks equity are enjoined strict requirements that he do equity, and that he keep faith with his own engagements. The technical ground urged is not a tenable one for either the plaintiff Lunt or for his counsel. The Lunt case, like that of Constantine, must be determined on the merits of the issue of the legal relationship with Small at the time the injuries were suffered.

The cases were heard before the sitting Justice together and were so argued in this Court, but the only common ground on which counsel for the respective plaintiffs meet in asserting that the appeals should be dismissed is reliance upon the principle declared in *Young* v. *Witham*, 75 Me., 536, that the decision of a single justice sitting in equity should not be disturbed unless it is clearly erroneous. The principle is undoubted, and has frequently controlled decisions in this State, but it is applicable only to factual findings and not to decisions or rulings of law. To refer only to the case relied on and two of the numer-

ous decisions rendered upon its authority as a precedent, Chief Justice Peters expressly declared in the *Young* case that the evidence "was very conflicting"; a Per Curiam opinion in *Paul* v. *Frye et al.*, 80 Me., 26, 12 A., 544, recites that questions "of fact only" were presented by the appeal; and Mr. Justice Fogler in *Sidelinger* v. *Bliss, Adm'r.*, 95 Me., 316, 49 A., 1094, made it clear that the issue "was purely of fact."

In the instant cases there is no dispute about the facts. The issue is one of law as to whether the status of employer and employee was, or was not, created upon the undoubted facts. This seems to have been recognized by the Justice below at the hearing. Small replied in the negative to an inquiry (by the Court) as to whether the plaintiffs were in his "employ." Defense counsel insisted that the question involved "a conclusion of law," and the comment of the Court was:

"I realize that. I just wanted his contention, that is all."

His contention, obviously, as to the relationship in law which the facts created. It seems apparent that this realization was still present with him when he wrote the memorandum on the two cases which underlies his separate decrees. In that memorandum he does not purport merely to find, but declares "I find and rule." It seems obvious that he was finding, as an issue of fact, that the plaintiffs labored on the particular day gratuitously (such was the clear implication of the evidence of both of them, and of Small, although neither he nor either of them testified that the labor was sought on that basis or rendered with an express waiver of compensation), and ruling, as a matter of law, that the plaintiffs should not, therefore, be considered employees of the person insured "within the term of exclusion stated in the policy." Such a decision, on the legal relationship created by undoubted facts, does not come within the principle established in *Young* v. *Witham*, supra.

Counsel for the plaintiff Constantine asserts the claim that the decision should be sustained upon the principle, especially applicable to insurance contracts, that when language impos-

ing a contractual obligation is ambiguous, or susceptible of interpretations differing in import, construction should be most strongly against the party responsible for the phraseology. *Barnes* v. *Dirigo Mutual Fire Insurance Company*, 122 Me., 486, 120 A., 675; *Johnson, Pro Ami* v. *American Automobile Insurance Company*, 131 Me., 288, 161 A., 496. The principle is undoubted, but as was stated in the last cited case, there is a safeguard against its abuse in the limiting rule that when there is no ambiguity, the terms of a contract or of an insurance policy "are to be taken and understood, as a usual thing, according to their plain and ordinary sense." There is no ambiguity in the policy under consideration. Injuries to employees of the insured are excluded from its coverage. The exclusion relates to any and all damage suffered by an employee "in an accident arising out of the maintenance or use of the automobile in the business of" the insured.

The determinative issue is whether or not the legal relationship of employer and employee existed between Small and the plaintiffs when they were riding home with him in his vehicle, after performing labor incidental to his business, both at his request and under his direction. This depends on the relationship when the work was in progress, since the principle is too thoroughly established to require the citation of authority that when an employee is transported to and from his work by the employer, injuries suffered *en route* arise out of, and in the course of, his employment.

Some authority can be found indicating that the relationship of master and servant, which is identical with that of employer and employee so far as the present cases are concerned, is a contractual one, and that the agreement of the alleged master to pay compensation, or his liability to pay it without express agreement, is an element for consideration, although not an important one, in its determination. The better rule is that a sufficient contract of employment is created by a mutual agreement that one is to labor in the service of another, *Wormell* v. *Maine Central Railroad Company*, 79 Me., 397, 10 A.,

49; and that the question of compensation is not material, *Barstow, Adm'r.* v. *Old Colony Railroad Company*, 143 Mass., 535, 10 N. E., 255; *Houston* v. *Keats Auto Co.*, 85 Ore., 125, 166 P., 531; *Napier* v. *Patterson et al.*, 198 Iowa, 257, 196 N. W., 73; *Tucker* v. *Cooper*, 172 Cal., 663, 158 P., 181.

The rule is well stated in 39 C. J., 36, Par. 6-d, citing the *Houston, Napier* and *Tucker* cases, supra, with others, in the words:

> "The receipt of a stated wage is not essential to create the relation of master and servant, and it may exist, although the servant neither expects, nor is entitled to, any compensation."

Mr. Justice Deasy in *Flaherty* v. *Helfont*, 123 Me., 134, 122 A., 180, quoting 18 R. C. L., 490-1, declared that the relationship exists:

> " 'Whenever one person stands in such a relation to another that he may control the work of the latter. . . . The essential elements are . . . control and direction . . . of the employment . . . , and . . . the right to employ . . . and . . . discharge. . . . If these elements are wanting, the relation does not exist.' "

Conversely it does exist when these named elements are present, as under the instant facts.

*Appeals sustained.*
*Cases remanded to sitting Justice for*
*decrees dismissing the bills.*

WORSTER, J., was one of the sitting Justices when these cases were argued, participated in conference, but having retired, does not join in the opinion.