Harold E. COOK

v.

**BANGOR HYDRO–ELECTRIC COMPANY and Charter Oak Fire Insurance.**

Supreme Judicial Court of Maine.

June 5, 1979.

On Saturday morning, August 14, 1976, Harold Cook, a lineman employed by appellant Bangor Hydro-Electric Company for 25 years, noticed a burning tree limb in contact with a primary power line near his camp at Pushaw Pond. Cook, off duty at the time, telephoned Thomas Evans, a lineman who was "on call" that weekend. Cook told Evans to come to the camp and Cook would show him where the trouble was located. Evans arrived at the Cook residence in a corner-mount bucket truck, the same truck that Cook used during the week. Cook and Evans were used to working as a pair, in accordance with normal practice during the regular work week. Although Cook was not dressed in his usual working clothes, he reacted in exactly the same manner as if he were Evans's partner when they reached the trouble spot. Cook handed Evans a line stick, and Evans went up in the bucket while Cook remained on the ground near the truck to provide assistance if needed. As Evans cut the burning limb, another branch came down and pushed the live wire into the boom. Electrical current flowed through the truck and Cook was electrocuted.

The commissioner found that Cook's actions were within the course of his employment and ordered that compensation be paid to Cook's widow. In a subsequent order, the commissioner awarded compensation pending appeal pursuant to 39 M.R. S.A. § 104–A(1). The employer, Bangor Hydro-Electric Company, appeals, alleging that the commissioner failed to make specific findings of fact, that the injury was not received in the course of employment, and that the commissioner erroneously applied Section 104–A(1) because the injury arose before the effective date of that statute although the appeal was taken after the effective date. We reject appellant's first two contentions, rendering moot the third. We deny the appeals.

■ Appellant's first argument is that the commissioner failed to make specific findings of basic ultimate facts supporting

Needham, Beaulieu & Thorne by Gary F. Thorne (orally), Old Town, for plaintiff.

Rudman, Winchell, Carter & Buckley by Gene Carter (orally), John M. Wallach, Michael D. Taber, Bangor, for defendants.

Before POMEROY, ARCHIBALD, DELAHANTY and GODFREY, JJ.

GODFREY, Justice.

The employer appeals from two pro forma decrees of the Superior Court, the first affirming an award of compensation by the Industrial Accident Commission[1] and the second affirming an order of compensation payments pending appeal. Both appeals arise out of the accidental death of Harold E. Cook. From the record, the commission would have been justified in finding the following facts:

[1] The name of the Industrial Accident Commission has been changed to Workers' Compensation Commission by P.L.1978, ch. 612, effective July 6, 1978.

his conclusion that the injury was compensable. In this respect, appellant points out that two findings of fact were neither requested nor made. First, the commissioner did not find that the assistance rendered by Cook was in accordance with a custom of off-duty linemen to render assistance, when requested, to a lineman on call. The applicable rules of law, discussed below, do not require Cook to have acted in accordance with custom; consequently, no such finding was needed.

Second, the commissioner did not expressly find that Cook had in good faith attempted to advance his employer's business. However, such a finding is clearly implied from the commissioner's conclusion that the injury was received within the course of employment, for the commissioner stated the controlling test to be "whether the decedent was in *good faith* attempting to further his employer's business." A commissioner's order will not be set aside where, as here, it may be ascertained "by a minimum of effort of one's deductive process" that the commissioner must have found the underlying fact in order to reach the ultimate conclusion. *Bolduc v. Pioneer Plastics Corporation*, Me., 302 A.2d 577, 580 (1973).

Appellant's second contention is that the fatal injury suffered by Mr. Cook was not received in the course of his employment. We disagree. The commissioner recognized correctly that employee Cook's off-duty status was not dispositive. For purposes of workers' compensation law, "[a]n act outside an employee's regular duties which is undertaken in good faith to advance the employer's interests, whether or not the employee's own assigned work is thereby furthered, is within the course of employment." 1A A. Larson, *Workmen's Compensation Law* § 27.00 (1978). There was substantial evidence that Cook was attempting to advance his employer's interest: Testimony at the hearing revealed that, without prompt attention, the primary line might have burned and fallen to the ground, creating a serious hazard with resulting exposure of the employer to possible liability.

Appellant suggests that the quoted rule should not be applied in the present case because the assistance rendered to the co-employee was neither requested nor needed. Appellant cites no authority supporting such a distinction. On the contrary, the instant case seems an especially appropriate one for applying the rule: The emergency made prompt action desirable to protect the employer's interests, and the off-duty employee voluntarily performed a normal function of his employment in helping his fellow lineman to remedy the dangerous situation. Whether the assistance rendered was requested, or even necessary, is not material.

Appellant, citing *Harlow v. Agway, Inc.*, Me., 327 A.2d 856 (1974), asserts that Cook's actions were not in the course of employment because there is no evidence in the record that Cook expected to be paid for his efforts. *Harlow* held that payment is essential to the creation of an employer-employee relationship for purposes of workers' compensation. However, the present case is not one where assistance was provided by a non-employee, and hence *Harlow* is not applicable.

It is also immaterial whether the employee acted in accordance with a practice of mutual assistance. The existence of such a practice is an appropriate consideration where the employee's acts were positively prohibited by the employer. See 1A A. Larson, *supra*, § 27.14. Appellant does not challenge the commissioner's finding that Bangor Hydro-Electric Company had no policy or directive prohibiting off-duty linemen from assisting co-employees on call.

Our resolution of these issues renders moot the question raised by employer's second appeal, whether the commissioner correctly ordered compensation payments pending appeal under P.L.1977, ch. 333, amending 39 M.R.S.A. § 104–A(1), where the injury was received before the effective date of that amendment but the commissioner's decree was issued and the appeal was taken after that date. *Toomey v. City of Portland*, Me., 396 A.2d 1029 (1979).

The entry is:

Appeals denied.

Pro forma judgments affirmed.

It is further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550, together with his reasonable out-of-pocket expenses for this appeal.

McKUSICK, C. J., and WERNICK and NICHOLS, JJ., did not sit.