Robert ALLEN et al.

v.

Margaret A. HUNTER.

Supreme Judicial Court of Maine.

Argued Nov. 19, 1985.

Decided Feb. 25, 1986.

Howard & Bowie, Clayton N. Howard (orally), Edward G. Dardis, Damariscotta, for plaintiffs.

Berman, Simmons & Goldberg, P.A., Paul A. Macri (orally), Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN and SCOLNIK, JJ.

NICHOLS, Justice.

The Plaintiffs, Robert and Catherine Allen and their minor son, Brandon, appeal from a judgment of the Superior Court (Lincoln County) in favor of the Defendant, Margaret A. Hunter, in their (jury-waived) personal injury action, contending that the court's findings of fact and conclusions of law were erroneous and that the court improperly apportioned the fault of the respective parties. We affirm the judgment.

The Defendant lived in Damariscotta and worked in Boothbay Harbor. She had a car-pool arrangement with several co-workers. Shortly before eight o'clock on the morning of February 13, 1981, the Defendant and her passenger left from her Damariscotta home. She testified at trial that as she turned onto Church Street in Damariscotta, she noticed a school bus, which she passed. When she turned east onto Chapman Street, the sun shone directly into her eyes; as the road straightened out, the sun's position was more to her right. As she passed by the Plaintiff's house, a child ran out from behind a hedge into her path. She could not stop the car in time to avoid striking the six-year-old Plaintiff, Brandon Allen.

■ The Plaintiffs first argue that the Superior Court erred in concluding that the Defendant's failure to wear eyeglasses as required by the restriction on her driver's license was not negligent. They contend that the Defendant thereby violated a safety statute [1] and that such a violation constitutes *prima facie* evidence of negligence, thus shifting the burden of proof to the Defendant to explain the violation. The argument is without merit. The presiding justice here did not err in concluding that the Defendant was not negligent. *See Dongo v. Banks*, 448 A.2d 885, 889 (Me. 1982) (while violation of safety statute constitutes evidence of negligence, burden of proof does not shift to defendant to explain violation).

■ The Plaintiffs next argue that the court's factual finding that the sun did not affect the Defendant's vision is clearly erroneous. M.R.Civ.P. 52(a). The Defendant's testimony at trial that the sun did not affect her vision conflicted with her statements in discovery that the sun "might have" affected her vision. It was within the province of the presiding justice in this jury-waived trial to evaluate the Defendant's credibility. *E.g., Tonge v. Waterville Realty Corp.*, 448 A.2d 902, 905 (Me.1982).

1. It is a Class E crime for a person to operate a motor vehicle on any way in violation of a restriction placed on that person's operator's license. 29 M.R.S.A. § 530 (Supp. 1985–1986).

This factual finding was not clearly erroneous.

The Plaintiffs' final argument is that the court improperly apportioned the negligence of the parties. In his findings of fact and conclusions of law the presiding justice stated that

> It is clear from all of the evidence that the Plaintiff Brandon Allen's negligence was equal to or greater than the negligence of the Defendant, Margaret Hunter. But for the Plaintiff's negligence, even given the negligence of the Defendant, if any, there would have been no accident, and therefore no injuries.

In thus focusing on causation, the Plaintiffs contend the justice erroneously applied comparative negligence principles. *See* 14 M.R.S.A. § 156 (1980).

We find no error in the justice's conclusion. A comparison of the parties' causative fault pursuant to 14 M.R.S.A. § 156 presupposes that each party breached a duty and that the breach was a proximate cause of the Plaintiff's injuries.[2] *See, e.g., Jackson v. Frederick's Motor Inn,* 418 A.2d 168, 172 (Me.1980). Although the trial justice's "but for" statement suggests that he improperly blurred the distinction between the discrete principles of proximate cause and negligence, it is apparent in the context of his findings that he found the causative fault of the plaintiff to exceed that of the Defendant, thus barring a recovery by the Plaintiff.

With this result it becomes unnecessary for us to consider the merits of the Defendant's cross-appeal.

The entry is:

Judgment affirmed.

All concurring.