**Donald A. FOURNIER**

v.

**ROCHAMBEAU CLUB.**

Supreme Judicial Court of Maine.

Argued April 29, 1992.

Decided Aug. 7, 1992.

David D. Farrar (orally), Professional Resource Associates, Westbrook, Ronald G. Caron, Caron and Sullivan, Biddeford, for plaintiff.

Edward Benjamin (orally), Preti, Flaherty, Beliveau & Pachios, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Defendant Rochambeau Club appeals from a judgment entered in the Superior Court (York County, *Cole, J.*) after a jury-waived trial. On appeal the Club argues that the court misconstrued the nature of its relationship with plaintiff Donald A. Fournier and applied the wrong standard of duty owed to Fournier. Finding no error, we affirm the judgment.

Fournier has been a member of the Rochambeau Club since approximately 1963. One of the Club's regular activities is to host beano games two or three nights a week. From 1986 until 1988 Fournier helped to prepare the Club's kitchen on those nights. The preparations included getting pre-formed hamburger patties ready for cooking. Normally the patties would already be thawed, but one night in February 1988 they were still frozen. Roger Lajeunesse, the president and manager of the Rochambeau Club, instructed Fournier to separate some of the frozen patties so the cooks could start on them, and to get others out to thaw. Lajeunesse provided no specific instructions on how to accomplish the task. When Fournier attempted to separate the patties with a knife, he sliced his thumb, inflicting substantial damage.

Fournier brought this action against the Club, alleging that the Club had been negligent in failing to instruct him on a safe method of separating the patties. The court found that, although Fournier was negligent in ignoring the obvious danger of using the knife, the Club was also negligent in failing to instruct him on how to separate the patties. The court then found that Fournier was less than equally at fault, under our comparative negligence statute, 14 M.R.S.A. § 156 (1980), and awarded damages. This appeal followed.

■ Contrary to the contention of the Rochambeau Club, its duty to Fournier was that owed to a gratuitous employee and not that owed to a mere volunteer. That Fournier was not paid for his services does not preclude the existence of an employment relationship, *Lunt v. Fidelity & Casualty Co. of New York*, 139 Me. 218, 224, 28 A.2d 736 (1942), although a contrary rule applies for purposes of workers' compensation, *Cook v. Bangor Hydro–Elec. Co.*, 402 A.2d 64, 66 (Me.1979). Fournier submitted to the direction and control of Lajeunesse for the primary purpose of serving the Club, an activity in which Fournier had an interest. *See Bond v. Cartwright Little League, Inc.*, 112 Ariz. 9, 536 P.2d 697, 702 (1975).

■ The Club next argues that, even assuming it breached a duty of care owed Fournier, such breach was not the proximate cause of his injury. That argument is bottomed on the unstated premise that there can be only one proximate cause of an injury. Contrary to that assertion, however, there may be more than one proximate cause of a particular injury. *Cf. Allen v. Hunter*, 505 A.2d 486, 488 (Me.1986) (analysis under 14 M.R.S.A. § 156 presupposes that each party was a proximate cause of the injury).

■ In this case, the finder of fact determined that the Club's direction that Fournier separate the frozen patties, coupled with its failure to instruct him on the proper method of achieving that end, were both an inadequate protection from a reasonably foreseeable harm and a substantial factor in bringing about that harm. We cannot say as a matter of law that the court erred in so determining. *See Jackson v. Frederick's Motor Inn*, 418 A.2d 168, 173 (Me.1980).

■ Finally, the Club argues that the court erred in failing to hold, again as a matter of law, that Fournier's negligence was equal to or greater than the Club's negligence, thus precluding any recovery under section 156. We disagree. As in *Jackson*, the assessment of the relative causative fault of the parties regarding liability is in the instant case a determination properly left to the court in its role as trier of fact. *See id.*

The entry is:

Judgment affirmed.

WATHEN, C.J., and GLASSMAN, J., concurring.

CLIFFORD, Justice, with whom COLLINS, Justice, joins, dissenting.

I respectfully dissent. I do not disagree with the legal principles as stated by the Court. In my view, however, the court applies those principles improperly to the facts in this case, facts that are largely undisputed. This case does not involve the use of a complex piece of machinery or an injury to a child. Fournier, an intelligent adult, who had worked in the Rochambeau Club's kitchen for two years, was given the task of separating frozen hamburger patties. He chose to use a common kitchen knife. He was familiar with the techniques for using such a knife safely and knew of the risks involved. He cut his own hand. When compared to what was found to be the negligent conduct of Roger Lajeunesse, vicariously attributed to the Rochambeau Club, the negligent conduct of Fournier is, as a matter of law, and of common sense, clearly equal to or greater than that of Lajeunesse. I would vacate the judgment.