DONALD L. GARBRECHT
LAW LIBRARY

STATE OF MAINE

FEB 25 2002

SUPERIOR COURT

PENOBSCOT, SS.

Docket No. AP-02-2

JLH -PEN-2/21/2002

Sharrlyn B. Parsons et al.,

Plaintiffs

v.

**ORDER**

Inhabitants of the Town
of Carmel et al.,

Defendants

FILED AND ENTERED
SUPERIOR COURT

FEB 21 2002

PENOBSCOT COUNTY

Pending before the court is the plaintiffs' motion for preliminary injunction. Hearing on the motion was held on February 20, 2002. The parties were present with counsel. The court has considered the record evidence, the parties' oral presentations and their written arguments.

Plaintiff Sharrlyn B. Parsons was involved in circulating a petition among residents of Carmel. The purpose of the petition was to include an article in the warrant for the town meeting scheduled for March 4, 2002. The proposed article had several components that related to an ongoing dispute between the Town of Carmel and plaintiff Earle McSorley. That dispute, which generated significant litigation in both of Maine's trial courts and in the Law Court, centered on McSorley's legal obligation to establish a proper grade along that portion of the Horseback Road abutting his land, which, at least in part, is a gravel pit. The article would create an acknowledgement that plaintiff Earle McSorley had "labored extensively" in efforts to make a portion of the Horseback Road safe for travel; it would

1

deem the installation of a guardrail to complete the process by which the Horseback Road would be made safe for traffic; it would prohibit the Town from engaging in any further court proceedings (including collection of attorney's fees, forfeitures and penalties); it would require the Town to return to McSorley any real property that the Town had acquired in its efforts to enforce prior court orders; and it would require the Town to dismiss with prejudice any claims pending McSorley and his wife that related "in any way" to the Horseback Road dispute.

Ultimately, enough signatures were collected to satisfy the quantitative requirements of 30-A M.R.S.A. § 2522. Parsons submitted the petitions to the Town. At a meeting held on December 17, 2002, the Town's Board of Selectmen ("the Board") decided that the article associated with the petition would not be included in the warrant for the March 4 town meeting. McSorley's wife is one of the Town's selectmen[1] and advised her husband that evening of the Board's decision. Parsons learned on December 21 that the Board had decided to reject the proposed article from inclusion in the warrant for the upcoming town meeting.[2]

On January 22, 2002, Parsons and McSorley filed the pending

---

[1] She abstained from voting at the selectmen's meeting when the petition issue was addressed.

[2] The evidence generated a factual dispute about when Parsons received notice of the Board's decision. The Town Manager testified that on December 18 he verbally advised her of the decision and then wrote a letter dated December 19. The text of the letter, however, does not make reference to any verbal notification, and one might expect such a letter to do so. Parsons, on the other hand, testified that she did not receive any notice of the Board's decision until December 24. This contradicts the allegation in her complaint that she received that notice on December 21. *See* complaint at ¶ 9. The best evidence indicates -- and the court finds -- that she received that notice on December 21, as she alleged. This is generally consistent with the transmission of a letter on December 19, if one allows a day or two for mailing.

2

complaint, seeking an order requiring the Town to include the proposed article in its warrant for the March 4 town meeting.

## A. Jurisdiction

Although not raised by the parties, this action raises a question of whether the court has jurisdiction to entertain the merits of the plaintiffs' argument.[3] Jurisdictional issues may be considered on the court's own notice. *Hodsdon v. Town of Hermon*, 2000 ME 181, ¶ 3, 760 A.2d 221, 222.

The plaintiffs have presented their complaint as an appeal under M.R.Civ.P. 80B. The complaint itself is labelled generically as a complaint, and the prayer for relief is framed in terms of an injunction. However, in two summary sheets filed by the plaintiffs,[4] they expressly designated this action as a rule 80B appeal from the decision of a governmental body. Any pleading, including a complaint, must be accompanied by a "properly completed" summary sheet. M.R.Civ.P. 5(h). This requirement is not meaningless, particularly in the circumstances of his case, because a pleading party's characterization of a claim determines the process that the claim will follow through the court system. When a plaintiff treats a claim as a rule 80B appeal rather than as an independent civil cause of action, then the defendant is not required to file a responsive pleading, the parties are required to file a record of the administrative proceeding and the court establishes a briefing schedule. None of these procedural aspects of an

---

[3]The defendants contend that the complaint was not filed in a timely way. Such a procedural defect would be jurisdictional. *See Davric Maine Corp. v. Bangor Historic Track, Inc.*, 2000 ME 102, ¶ 11, 751 A.2d 1024, 1029-30. This issue, however, is different than the one discussed in the text.

[4]A second summary sheet was required because the first was on an outdated form.

appeal apply to an independent claim.

Here, in response to the court's questions at the February 20 hearing, the plaintiffs requested the court to treat their complaint as an amalgamation of a rule 80B appeal and an independent claim for injunctive relief. Because the plaintiffs themselves designated their claim as appellate in nature and because a shift in the nature of the action would create fundamental changes in the procedural course in this case, at this time the court declines to treat the complaint as anything other than the type of case that the plaintiffs themselves chose to file, namely, a rule 80B appeal.[5] The resulting question is whether rule 80B is an available procedural mechanism for the relief sought here by the plaintiffs.

Rule 80B provides a procedural avenue by which a party can seek review of governmental action when a right of appeal "is provided by statute or is otherwise available by law. . . ." M.R.Civ.P. 80B(a). The rule itself does not create a right of appeal from governmental action. *Lyons v. Board of Directors of S.A.D. 43*, 503 A.2d 233, 235 (Me. 1986). None of the parties have identified any statute that allows an appeal from a municipality's decision not to include an article on a town warrant when the article is the subject of a petition that satisfies the numerical requirements of 30-A M.R.S.A. § 2522. The court's research revealed no such authority. The next question is therefore whether this type of court action is "otherwise available by law" within the meaning of rule 80B(a).

"An action for an injunction in the nature of mandamus may be

---

[5] If, on the other hand, the case became viewed as one that raised an independent claim, then procedural complications would ensue because, for example, the deadline for a responsive pleading has already passed. These types of important procedural implications must be balanced against the plaintiffs' verbal request that the case be seen in part as an independent claim.

'otherwise authorized by law' if it is the type of action for which the traditional writ would apply." *Casco Northern Bank, N.A. v. Board of Trustees of Van Buren Hospital District*, 601 A.2d 1085, 1087 (Me. 1992). In that instance, rule 80B may be used to seek injunctive relief. Mandamus is available as a remedy in order "to compel governmental performance of a strictly ministerial act, that the applicant, otherwise without remedy, is entitled to have performed." *Id.* Thus, it must be determined, first, whether a municipality's response to a proper petition under section 2522 is ministerial or discretionary, and, second, whether the plaintiffs have other remedies.

The provisions of section 2522 do not deprive a municipality of discretion in deciding whether to place an article on a warrant, because section 2521(4) provides other ways for petitioners to present an article for vote when the selectmen "unreasonably" refuse to call a town meeting. *Dunston v. Town of York*, 590 A.2d 526, 527-28 (Me. 1991). It therefore would appear that a municipality's response to a petition submitted under section 2522 is discretionary and not ministerial. However, the standard of reasonableness embodied in section 2521(4) has been held to create parameters to the discretion vested in a municipality. Therefore, unsuccessful petitioners have the right to judicial recourse when they claim that the municipal officers abused their statutory discretion. *Id.* Such an argument is within the scope of a mandamus action, *id.*, because, presumably, when a decision is non-discretionary (that is, beyond the bounds of discretion), it is ministerial. When the plaintiffs' allegations are viewed in this way, the claim at bar satisfies this element of a mandamus action.

The next issue is whether the plaintiffs have remedies other than the pending action. *See generally Casco Northern Bank*, 601 A.2d at 1088. The defendants argue that such other remedies and options exist because section 2521(4) vests the plaintiffs with the right to have a notary public call a public meeting at which the proposed article would be considered and put to a vote. Any rights created by section 2521(4), however, are triggered only when "the selectmen unreasonably refuse to call a town meeting. . . ." Here, the selectmen did not make that decision. Rather, the minutes from the Board's December 17 meeting show only that the selectmen voted "not to put the petition on the Town Warrant as written." *See* defendant's exhibit 2. Therefore, the condition that precipitates the petitioners' right to recourse from a notary public has not been satisfied, and any relief otherwise available under section 2521(4) is not accessible to the plaintiffs now.

The defendants also may be seen to argue that the plaintiffs have other modalities of relief because the Board rejected the proposed article "as written" and thus left open the opportunity to submit a revised proposed article. On the present record, this argument is unpersuasive for two reasons. First, there is no statutory provision requiring petitioners to submit to such a request. The issue presented here is whether the Town is required by statute to include *this* proposed article in the town warrant. Second, the record is devoid of evidence revealing the reasons for the Board's decision to reject the proposed article and thus, by implication, what the Board might have found acceptable.[6] Therefore, the court

---

[6] The defendants attempted to introduce such evidence, but the evidence was excluded because it was not admissible in the proffered form.

concludes that the plaintiffs do not have other adequate remedies.

The action at bar, in its essence, is equivalent to a mandamus action if it is seen as alleging that the Town abused its discretion in rejecting the proposed article. Thus, the record is adequate to demonstrate, at least preliminarily, that the court has subject-matter jurisdiction over the claim.[7]

## B. Merits of the motion for preliminary injunction

To support an application for a preliminary injunction, the claimant must establish four elements that are viewed collectively: that the claimant will suffer irreparable injury in the absence of injunctive relief; that such injury outweighs any harm caused by the issuance of injunctive relief; that there is a clear likelihood of success on the merits; and that injunctive relief will not harm the public interest. *Department of Environmental Protection v. Emerson*, 563 A.2d 762, 768 (Me. 1989). The court concludes that neither of the plaintiffs has shown any likelihood of success on the merits and that neither is entitled to a preliminary injunction.

## (1) Claim of plaintiff Sharrlyn B. Parsons

The defendants argue initially that Parsons' claim for relief is barred

---

[7]As defined in *Casco Northern Bank*, the proponent of a proper mandamus action is one who is entitled to performance by the municipality. 601 A.2d at 1087. If this is a distinct element of a mandamus claim, then it may implicate the standing issues discussed in the text below. The court concludes that neither of the two plaintiffs have shown that they have the right to bring this claim because of lack of standing (Parsons) and failure to file a timely appeal (McSorley). If that also means that neither is entitled to obtain performance by the Town in accordance with section 2522, then that means that this is not a proper mandamus action and that therefore the plaintiffs do not have a right to appeal under rule 80B. For purposes of this order, however, the court assumes that a mandamus action would lie based on the present allegations because someone (although perhaps not these particular plaintiffs) would be entitled to seek the redress for which they have brought suit.

7

because she did not file a timely complaint in Superior Court. As is noted above, the court has found that Parsons did not receive notice of the Board's December 17 decision until December 21. As calculated from December 21, the thirty day appeal period, *see* M.R.Civ.P. 80B(b), would have expired on January 20, which was a Sunday. The complaint filed on January 22 was timely as to her, because that was the first business day following January 20. (Monday, January 21 was a court holiday.)

The defendants contend that the thirty day appeal period runs from the date of the Board's decision (December 17) because, due to advance publication of the Board's agenda and the public nature of the meeting itself, Parsons had constructive notice of the Board's action taken on December 17. The very terms of rule 80B(2), however, make clear that the 30 day appeal period commences upon "notice of any action." In analyzing rule 80B, the Law Court has maintained that distinction between the decision and the notice of that decision. *See Woodward v. Town of Newfield*, 634 A.2d 1315, 1317 (Me. 1993); *Keating v. Zoning Board of Appeals of the City of Saco*, 325 A.2d 521, 524 (Me. 1974). *Cf. Colby v. York County Commissioners*, 442 A.2d 544, 546 (Me. 1982) (affirming trial court's ruling that rule 80B appeal was untimely because it was not filed within thirty days after notice of the decision). Therefore, Parsons' appeal was timely under rule 80B.

However, Parsons does not have standing to mount a judicial challenge to the Board's refusal to include the proposed article in the town warrant. Standing exists only where the claimant "has some private or particular interest to be subserved, or some particular right to be pursued or protected independent of that which he holds in common with the

8

public at large. . . ." *Buck v. Town of Yarmouth*, 402 A.2d 860, 861 (Me. 1979). Here, Parsons' interest in these proceedings is identical to that of any other resident of Carmel. Because she does not allege any particularized injury from an alleged public wrong, and because the record does not reveal any such injury, she is not entitled to pursue this action. Further, none of the exceptions to this principle apply here. *See id.*, 402 A.2d at 862-64. Therefore, Parsons has not demonstrated a clear likelihood of success on her claim against the defendants. In fact, the present record strongly demonstrates that she cannot proceed to the merits of her claim because she lacks standing to do so.

This conclusion relates to the first of the four injunction inquiries. For the same reasons that Parsons does not have standing to bring this claim, she has not demonstrated that she would suffer an irreparable injury that could be the subject of relief. When the factors relevant to the issuance of an injunction are viewed in their totality, even if the third and fourth elements favor Parsons' case (an issue that the court need not address in this context), the court would decline to issue a preliminary injunction. Because the evidence demonstrates that Parsons does not have standing to assert the claim at bar, and because she has not shown that she has suffered or will suffer an injury that could form the basis for judicial relief, judicial intervention to vitalize that claim would be inappropriate. Her request for a preliminary injunction therefore must be denied.

### (2) Claim of plaintiff Earle McSorley

McSorley's claim in this action is clearly untimely. He was notified of the Board's December 17 decision on the very night that decision was made. Under rule 80B(b), he had until January 16 to file an appeal that

9

would be timely. The complaint was filed on January 22, three business days after the deadline. McSorley's reliance on the three day mailing provisions of rule 6(c) is unavailing, because that rule simply does not apply to these circumstances. Additionally, he has not made a showing of excusable neglect that would justify his late filing under rule 80B(b). Because his claim against the defendants is untimely, he has not invoked this court's jurisdiction to consider the merits of his appeal. *See Davric Maine Corp. v. Bangor Historic Track, Inc.*, 2000 ME 102, ¶ 11, 751 A.2d 1024, 1029-30. McSorley therefore has not shown a clear likelihood of success on the merits. Indeed, the record affirmatively demonstrates the contrary.

Even if McSorley had filed his claim against the defendants in a timely way, the court would decline to grant him preliminary injunctive relief. In seeking a preliminary injunction, McSorley invokes the equitable powers of the court. *Merrill Lynch, Pierce, Fenner & Smith v. Bishop*, 839 F.Supp. 68, 70 (D.Me. 1993); *Town of Shapleigh v. Shikles*, 427 A.2d 460, 464-45 (Me. 1981). "Upon him who seeks equity are enjoined strict requirements that he do equity, and that he keep faith with his own engagements." *Lunt v. The Fidelity & Casualty Co. of New York*, 139 Me. 218, 221 (1942).

During the course of the proceedings initiated by the Town against McSorley, in August 1999 the court held McSorley in contempt due to his willful non-compliance with prior orders that required him to establish a requisite grade on that part of his property abutting the Horseback Road. Based on its conclusion that McSorley contemptuously failed to comply with a court order, the court reiterated its prior order (which, in fact, was a

10

form of injunctive relief granted to the Town) that McSorley establish a defined grade, and the court then imposed significant monetary penalties as a coercive sanction. One year later, in September 2000, the court found that McSorley continued to resist the prior court orders and concluded that he would continue his contemptuous conduct in the absence of "compulsion." Although the court found that McSorley had engaged in efforts that exceeded that of two other landowners, the court also concluded that his failure to comply with outstanding court orders was not excusable. On that basis, the court imposed a $2,500 punitive sanction against McSorley. The court reserved to the Town the right to seek other sanctions, including incarceration and an award of attorney's fees.[8]

McSorley's troubling history of refusing to comply with court orders, signified by the imposition of contempt sanctions, forecloses any conclusion that he has satisfied the equitable conditions to injunctive relief and that he appears in this proceeding with clean hands. Rather, the record on the pending motion demonstrates that he has not conducted himself in a manner that would entitle him to the benefit of equitable intervention by the court. The eventual effect of the injunctive relief McSorley seeks here is to countermand the adverse findings and orders entered against him by the court: despite the court's conclusions to the contrary, the proposed article would acknowledge the sufficiency of his efforts to remediate the

---

[8]None of the prior court orders in the several cases involving the Town and McSorley was the subject of a direct appeal. All of those prior orders became final judgments. Recently, McSorley filed a motion for relief of the judgments entered in those cases. The motion was denied, and McSorley filed an appeal of that denial to the Law Court. Counsel advise that the appeal remains pending. Particularly for purposes of the pending motion, the court does not treat the appeal as affecting the effectiveness of the prior orders or diminishing their significance here. *See* RESTATEMENT (SECOND) OF THE LAW OF JUDGMENTS § 13 cmt. f (1982).

11

condition of his property; it would neutralize the remedies and coercive sanctions that the court has fashioned in an effort to extract compliance from McSorley; and it would deprive the Town of any rights it has under Maine law to secure future compliance. Although the issue at bar relates to the inclusion of the proposed article in the town warrant, this court cannot ignore the ultimate purpose of the article and its effects on prior court orders. Therefore, even in the absence of the procedural flaws affecting McSorley's claims against the defendants, he has not shown that he should be entitled to the benefit of the court's equitable powers.

The court does not reach the remaining issues raised by the defendants.


The entry shall be:

For the foregoing reasons, the plaintiffs' motion for preliminary injunction is denied.


Dated: February 21, 2002

_____
Justice, Maine Superior Court

12

Date Filed __1/22/02__ ___Penobscot___ Docket No. __AP-2002-02__
County

**Justice Mead recused**

Action ____Civil - Rule 80B Appeal____

**ASSIGNED TO JUSTICE ANDREW M. MEAD**

**REASSIGNED TO JUSTICE JEFFREY L. HJELM**

| | | |
|---|---|---|
| SHARRLYN B. PARSONS and<br>EARLE MCSORLEY | vs. | INHABITANTS OF THE TOWN OF CARMEL AND<br>BOARD OF SELECTMEN OF THE TOWN OF CARME |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| GILBERT & GREIF<br>P O BOX 2339 - 82 Columbia St<br>Bangor ME 04402-2339<br>BY: Arthur Greif, Esq. | BERNSTEIN, SHUR, SAWYER & NELSON<br>P O BOx 50577, 146 Capitol St<br>Augusta ME 04332-5057<br>BY: Lee K. Bragg, Esq. and<br>    Gregory Cunningham, Esq.<br>FOR: All Defendants |

| Date of Entry | |
|---|---|
| 1/22/02 | Complaint and Application for Preliminary Injunction filed by Plaintiff Exhibit A - O attached. |
| 1/22/02 | Plaintiffs' Memorandum of Law in Support of their Application for a Preliminary Injunction filed. |
| 1/24/02 | Notice and Briefing Schedule 80B Appeal of Governmental Actions filed. Copy forwarded to attorney for the Plaintiff and to Defendants at P O BOx 114, Carmel ME 04419-0114 |
| 1/25/02 | Notice of Assigned Justice filed. Pursuant to Administrative Order, Single Justice Assignment of Civil Cases, Docket No. SJC-323, the above referenced case is specially reassigned to Justice Jeffrey L. Hjelm. /s/ Margaret Gardner, Clerk. Copy forwarded to Plaintiff's Counsel. |
| 1/28/02 | Plaintiffs' Motion For Recusal and Incorporated Memorandum of Law filed. |
| 1/31/02 | Letter received by Arthur J. Greif, Esq. withdrawing plaintiffs motion for Justice Mead's recusal. |
| 2/5/02 | Appearance filed by Lee K. Bragg, Esq. and Gregory M. Cunningham, Esq. on behalf of Defendants. |
| 2/5/02 | Officer's Return of Service on Defendant Board of Selectmen of the Town of Carmel filed. (s.d. 1/29/02 to Doug Small, Selectman) |
| 2/5/02 | Officer's Return of Service on Defendant Inhabitants of the Town of Carmel filed. (s.d. 1/29/02 to Tom Richmond, Town Manager) |
| 2/6/02 | Copy of Notice and Briefing Schedule 80B Appeal of Governmental Actions forwarded to Defendant's counsel. |

STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-02-2
ULH-PEN-6/17/2002

Sharrlyn B. Parsons et al.,
     Appellants

DONALD L. GARBRECHT
LAW LIBRARY

JUN 25 2002

v.

Order on Appeal

FILED AND ENTERED
SUPERIOR COURT

JUN 17 2002

PENOBSCOT COUNTY

Inhabitants of the Town of Carmel et al.,
     Appellees

Pending before the court is the appeal filed by Sharrlyn B. Parsons and Earle McSorley from the decision of the Board of Selectmen of the Town of Carmel, declining to include a proposed article in the town warrant for the March 4, 2002, town meeting, and also declining to call a special town meeting at which the proposed article could be considered. *See* 30-A M.R.S.A. § 2522. The appellants' motion for a preliminary injunction was heard on February 20 and denied in an order issued the next day. The parties subsequently filed written argument on the ultimate merits of the appeal. The court has fully considered the parties' submissions.

The factual background of this dispute is set out in the February 21 order, which the court fully incorporates into this order.

In that earlier order, the court found that McSorley had not filed the appeal at bar in a timely manner. For that reason, the court denied his motion for a preliminary injunction. In his brief on appeal, McSorley has stated that he does not challenge this conclusion of law. Accordingly, for the reasons set out in the prior order, McSorley's appeal in this case must be dismissed.

In the February 21 order, the court further concluded that Parsons did not have standing to bring the appeal at bar because she had not demonstrated particularized injury resulting from the governmental action. In order to provide additional factual support for

1

her argument that she does have standing, Parsons has submitted an affidavit that she contends is part of the record on this appeal. The appellees have objected to the submission of that affidavit because they contend that they did not agree that the affidavit would be included with the other portions of the record.[1] Parsons' attorney responds that counsel did in fact agree that her affidavit would be part of the record.

An appellant bears the burden of creating the record on appeal. M.R.Civ.P. 80B(e); *Milos v. Northport Village Corp.*, 453 A.2d 1178, 1179 (Me. 1983). The record on appeal consists of material that the parties agree should be included in that record or, in the event of a dispute that the parties submit to the court, material that the court decides should be included. M.R.Civ.P. 80B(e). Here, the nature of counsel's dispute about the contents of the record leaves the court without an adequate basis to determine the scope of the record to which they have agreed. Further, counsel's references to their apparent miscommunication do not represent or amount to a request that the court resolve that issue for them. Because Parsons has the responsibility to create the record, and because the court cannot say that her March 1 affidavit is part of that record, the court cannot consider the factual material in that affidavit on the question of standing.[2]

In the February 21 order, the court concluded that Parsons does not have standing because any injury she attributes to the Town's action was not particularized. This conclusion resulted from the Law Court's treatment of the standing question in *Buck v. Town of Yarmouth*, 402 A.2d 860 (Me. 1979). There, the town council refused to take the same type of action that the appellants at bar seek from the Town of Carmel, namely, the inclusion of a proposed article in a warrant for a town meeting or arrangement for a special town meeting when that article would be considered. *Id.* at 861. The petition at issue in *Buck*, which was presented to the Yarmouth town council under the statutory

---

[1] Despite making that objection, none of the parties has raised or argued the question of whether standing may be determined from the appellate record or whether it is an issue that the court must decide in its factfinding capacity. The court therefore assumes, without deciding, that a party's standing may be assessed on the basis of the record on appeal.

[2] In light of the legal analysis leading to the court's conclusion that Parsons does not have standing, the additional factual data included in her March 1 affidavit would not affect that outcome because they are not relevant to the reason why she lacks standing to pursue this appeal.

2

predecessor to section 2522, was designed to force a municipal election on the petitioners' proposal to withdraw funding for a municipal recreation facility. *Id.* Concluding that the petitioners did not have standing to challenge the town council's refusal to call a town meeting where the article would be the subject of a vote by the local voters, the Law Court reiterated the notion that

> [a] private individual can apply for this remedy (against allegedly illegal action or inaction by public officials) only in those cases, where he has some private or particular interest to be subserved, or some particular right to be pursued or protected . . ., independent of that which he holds in common with the public at large; and it is for the public officers, exclusively to apply, when public rights are to be subserved.

*Id.* at 861, *quoting Sanger v. County Commissioners of Kennebec*, 25 Me. 291, 296 (1845). The Court held that the petitioners' injury was not the town's decision to continue the funding for the recreational facility. Rather, the injury was the denial of an opportunity to vote on that issue at a town meeting. 402 A.2d at 862; *see also id.* at n.4. The Court concluded that the town "[c]ouncil's refusal to comply with plaintiffs' request [to include the submitted article for vote at a town meeting] affects all voters of the Town of Yarmouth alike." *Id.* at 462. In other words, because none of the town's voters would have the opportunity to vote on the issue, the petitioners stood in a position identical to all other voters and therefore could not show particularized injury.

Here, the relief sought by Parsons, as framed in her complaint, is a court order that would require the Town to include the proposed article on the warrant at the March 4, 2002, town meeting. (Because that specific form of relief is no longer possible, Parsons seeks an order that would now require the Town, pursuant to section 2522, to call a special town meeting where the article could be considered.) Thus, the harm alleged by Parsons is the denial of an opportunity for her and all other qualified town residents to vote on the merits of her proposed article. When the injury to the appellants at bar is defined in this way, any injury to Parsons resulting from the Town's refusal to call a town meeting is the same as all town voters would sustain.[3] Under this analysis, the

---

[3] When Parsons' standing is examined in this light, the extent of her prospective use of the Horseback Road is immaterial.

3

appellants' reliance on *Fitzgerald v. Baxter State Park Authority*, 385 A.2d 189 (Me. 1978) is misplaced because there the injury caused by governmental action was its actual affect on the recreational interests of the plaintiffs. *Id.* at 196.

This conclusion does not leave Parsons without recourse because, as *Buck* confirms, a public injury – such as the one Parsons alleges here – may be the subject of redress that is obtained by the Attorney General or some other public official. 402 A.2d at 862-63.

The entry shall be:

For the foregoing reasons, the appeal of Earle McSorley is dismissed as untimely, and the appeal of Sharrlyn B. Parsons is dismissed for lack of standing.

Dated: June 17, 2002

Justice, Maine Superior Court
Jeffrey L Hjelm

4

Date Filed __1/22/02__ __Penobscot__ Docket No. __AP-2002-02__
County

**Justice Mead recused**

Action __Civil - Rule 80B Appeal__

**ASSIGNED TO JUSTICE ANDREW M. MEAD**

**REASSIGNED TO JUSTICE JEFFREY L. HJELM**

| SHARRLYN B. PARSONS and EARLE MCSORLEY | vs. | INHABITANTS OF THE TOWN OF CARMEL AND BOARD OF SELECTMEN OF THE TOWN OF CARMEL |
|---|---|---|

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| GILBERT & GREIF<br>P O BOX 2339 - 82 Columbia St<br>Bangor ME  04402-2339<br>BY: Arthur Greif, Esq. | BERNSTEIN, SHUR, SAWYER & NELSON<br>P O BOx 5057, 146 Capitol St<br>Augusta ME  04332-5057<br>BY: Lee K. Bragg, Esq. and<br>    Gregory Cunningham, Esq.<br>FOR: All Defendants |

| Date of Entry | |
|---|---|
| 1/22/02 | Complaint and Application for Preliminary Injunction filed by Plaintiff Exhibit A - O attached. |
| 1/22/02 | Plaintiffs' Memorandum of Law in Support of their Application for a Preliminary Injunction filed. |
| 1/24/02 | Notice and Briefing Schedule 80B Appeal of Governmental Actions filed. Copy     forwarded to attorney for the Plaintiff and to Defendants at P O BOx 114, Carmel ME  04419-0114 |
| 1/25/02 | Notice of Assigned Justice filed.  Pursuant to Administrative Order, Single Justice Assignment of Civil Cases, Docket No. SJC-323, the above referenced case is specially reassigned to Justice Jeffrey L. Hjelm. /s/ Margaret Gardner, Clerk.  Copy forwarded to Plaintiff's Counsel. |
| 1/28/02 | Plaintiffs' Motion For Recusal and Incorporated Memorandum of Law filed. |
| 1/31/02 | Letter received by Arthur J. Greif, Esq. withdrawing plaintiffs motion for Justice Mead's recusal. |
| 2/5/02 | Appearance filed by Lee K. Bragg, Esq. and Gregory M. Cunningham, Esq. on behalf of Defendants. |
| 2/5/02 | Officer's Return of Service on Defendant Board of Selectmen of the Town of Carmel filed.  (s.d. 1/29/02 to Doug Small, Selectman) |
| 2/5/02 | Officer's Return of Service on Defendant Inhabitants of the Town of Carmel filed.  (s.d. 1/29/02 to Tom Richmond, Town Manager) |
| 2/6/02 | Copy of Notice and Briefing Schedule 80B Appeal of Governmental Actions forwarded to Defendant's counsel. |